ELLIS, Judge.
Plaintiff has appealed from a judgment sustaining an exception of prescription and dismissing his suit.
All of the facts presented by the record are either stipulated or uncontradicted. Plaintiff was injured in an automobile accident on July 13, 1967. On June 6, 1968, his attorney mailed a petition for damages arising therefrom to the Clerk of Court of St. Mary Parish, in a properly stamped and addressed envelope.
On August 30, 1968, a letter was mailed to the Clerk, asking about service of citation on the defendants. The Clerk advised that there was no record of such a suit having been filed. The same information was conveyed to the office of the plaintiff’s attorney by telephone on the same day. An exhaustive search was thereafter made by the Clerk and his deputies, but no trace of the suit was found.
This suit was filed on September 20, 1968, well over a year after the accident. The foregoing facts are pleaded in the petition, to explain the late filing of the petition. An exception pleading the liber-ative prescription of one year was filed by defendants, and maintained by the trial judge. Plaintiff claims that he erred both in his findings of fact and in his application of the law to the case.
Plaintiff first claims the benefit of the doctrine of “contra non valentem agere non currit praescriptio”, and that prescription does not run against' one who is unable to bring his action. The doctrine has been applied in Louisiana, for the most part, in cases in which the courts have been unavailable to plaintiff for various reasons, or in which plaintiff is prevented from bringing his action by fraud. See Aegis Insurance Co. v. Delta Fire & Casualty Co., 99 So.2d 767 (La.App. 1 Cir. 1957) for a detailed review of the jurisprudence relative thereto.
“Contra non” is not applicable in this case because plaintiff was not “unable to bring his case”. He was not only able to do so, but attempted to do so. The question presented is whether or not his efforts constituted a “filing” of his suit within the prescriptive period, and consequently an interruption of prescription.
Under our law, a suit is filed when it is timely placed in the hands of the clerk of a court of competent jurisdiction for filing. R.S. 9:5801; Article 421, *716 Code of Civil Procedure; Cupples v. Walden, 124 So.2d 613 (La.App. 3 Cir. 1960).
From the fact that the petition was properly mailed, there arises the re-buttable presumption that the letter reached its destination in due time. Hortman-Salmen Co. v. Continental Casualty Co., 170 La. 679, 129 So. 515 (1930).
There also exists the well known presumption, also rebuttable, that a public official properly carries out the duties of his office.
The record shows that the mail is picked up by an employee of the Clerk’s office three times daily, and is placed on the Clerk’s desk to be opened. The Clerk testified that, as a general rule, he opened the mail, and distributed its contents to the appropriate deputies for handling. In his absence, the mail is opened by a deputy.
Suits are given to one of the minute clerks. The suit mailed by plaintiff was to be filed in forma pauperis, and such suits were held for the signature of the judge before being filed and docketed. The testimony was that the judge came into the Clerk’s office once or twice daily for the express purpose of signing orders. On rare occasions, when he did not do so, orders might be left on his desk for signature.
Neither the Clerk nor any of his deputies had any recollection of receiving plaintiff’s suit, and an exhaustive search of his office failed to reveal any evidence of its receipt. The Clerk testified that in his sixteen years in office, there had been no instance in which a suit had been mailed to him and any claim made that it was lost in his office.
Without commenting specifically on the findings of fact complained of by plaintiff, we are of the opinion that the evidence in this case is more than sufficient to rebut the presumption that the suit was received by the Clerk’s office. Even were this not so, we think that the placing of a suit in the hands of the Clerk for filing must be shown by more than presumptive evidence. The plaintiff must prove it by the preponderance of the evidence. If we were to hold otherwise, we should have to hold that the mailing of a suit to the Clerk is sufficient to interrupt prescription, and that is not the law of this state.
Plaintiff chose the means of transmitting his suit, to the Clerk. He could have easily protected himself against non-arrival of the suit, or the loss thereof by the Clerk after receipt by the simple expedient of certifying or registering the letter. He must assume the responsibility for its non-arrival, in the absence of proof that it was received by the Clerk.
For the above reasons, the judgment appealed from is affirmed, at plaintiff’s cost.
Affirmed.