GUIDRY, Judge.
Plaintiff has appealed from a judgment sustaining an exception of prescription which resulted in the dismissal of his personal injury suit.
At trial of the exception the parties stipulated to the following facts. Plaintiff sustained personal injury by accident on January 31, 1976. On Friday, January 28, 1977, plaintiff’s counsel mailed a petition for damages to the Clerk of Court of Allen Parish, Oberlin, Louisiana, in a properly stamped and addressed envelope, by depositing same in a United States Postal Service mail box at Alexandria, Louisiana. Affixed to the aforesaid mail box was a notice to the effect that next day delivery would be had in various zip code areas including 70644 which is the zip code number for Oberlin, Louisiana. The aforesaid petition bears a notation to the effect that it was filed in the Clerk of Court’s office for Allen Parish on February 1, 1977, by Ethel C. Cole, Deputy Clerk of Court.
The only other evidence presented at the hearing on the exception was the testimony of Ms. Ethel C. Cole, Deputy Clerk of Court for Allen Parish. A fair summary of Ms. Cole’s testimony is as follows. Mail addressed to the Clerk’s office is picked up at the post office by an employee of the Clerk on the morning of each work day. The mail js opened by the Clerk and then handed to Ms. Cole for handling. Ms. Cole goes through the mail and sorts out those items considered most urgent. The docketing and filing of suits are considered important functions and are given priority. On occasion, because of work volume, work commenced on one day, including docketing of pleadings, which is not completed is held over for completion on the following day. The records of the Clerk’s office indicate that on January 31, 1977, three suits were filed and on February 1, 1977, only the instant suit was filed.
In seeking a reversal of the trial court judgment appellant, relying on Cup-ples v. Walden, 124 So.2d 613 (La.App. 3rd Cir. 1960) writ refused, and Lambert v. Kelley, 270 So.2d 532 (La.1972), contends the trial court erred in failing to find he established by a preponderance of the evidence that his petition for damages was timely deposited with the Clerk of Court for Allen Parish, Louisiana.
We agree that, under our law, a suit is filed when it is timely placed in the hands of the clerk of court of competent jurisdiction for filing. LSA-R.S. 9:5801; LSA-C. C.P. Article 421; Cupples v. Walden, supra; and, Lambert v. Kelley, supra. We do not agree, however, that plaintiff has established by a preponderance of the evidence that the petition in this case was timely deposited with the Clerk of Court.
In Cupples and Lambert there was direct evidence establishing that the pleadings were actually delivered to the Clerk’s office or to a deputy clerk prior to the final filing date. In the instant case there is no evidence that plaintiff’s petition for damages was delivered to or deposited with the Clerk before the morning of February 1,1977. It is true the evidence establishes that the petition was mailed to the Clerk of Court on January 28,1977, however, this fact at most gives rise to a rebuttable presumption that the letter reached its destination in due time (Hortman Salmen Co. v. Continental Casualty Co., 170 La. 879, 129 So. 515 (1930)) and, in our opinion, standing alone is not sufficient to establish that the pleading was timely deposited with the Clerk of Court.
We find appropos the following statement by our brethren of the First Circuit in Dubois v. Olympic Insurance Co. et al., 231 So.2d 714 (La.App. 1st Cir. 1970), writ refused, concerning the effect of evidence as to proper mailing:
“Without commenting specifically on the findings of fact complained of by plaintiff, we are of the opinion that the evidence in this case is more than sufficient to rebut the presumption that the suit was received by the Clerk’s office. Even were this not so, we think that the placing of a suit in the hands of the Clerk for *480 filing must be shown by more than presumptive evidence. The plaintiff must prove it by the preponderance of the evidence. If we were to hold otherwise, we should have to hold that the mailing of a suit to the Clerk is sufficient to interrupt prescription, and that is not the law of this state.
Plaintiff chose the means of transmitting his suit to the Clerk. He could have easily protected himself against non-arrival of the suit, or the loss thereof by the Clerk after receipt by the simple expedient of certifying or registering the letter. He must assume the responsibility for its non-arrival, in the absence of proof that it was received by the Clerk.”
For the above and foregoing reasons, the judgment appealed from is affirmed, at appellant’s costs.
AFFIRMED.