Ramsey JONES, Plaintiff-Appellant,

v.

FOREST OIL COMPANY, Defendant,

CRC Mallard, Inc., Defendant-Appellee.

No. 81–3214
Summary Calendar.

United States Court of Appeals,
Fifth Circuit.

Dec. 10, 1981.

Norman P. Foret, Lafayette, La., for plaintiff-appellant.

Raymond M. Allen, Lafayette, La., John Blackwell, New Iberia, La., for defendant-appellee.

Before BROWN, POLITZ and WILLIAMS, Circuit Judges.

POLITZ, Circuit Judge:

Ramsey Jones was injured on a fixed drilling platform in the Gulf of Mexico off the Louisiana coast on February 10, 1979. On February 5, 1980 his attorney mailed a Complaint for Damages to the Clerk of Court for the Western District of Louisiana. In that pleading Ramsey Jones sought recovery under the Jones Act, 46 U.S.C. §§ 688, 741–52, as well as in admiralty and under the general maritime laws. Defendant CRC Mallard, Inc., moved for summary judgment, challenging complainant's seaman status and contending that any state law claim was barred by prescription.

After considering the pleadings, exhibits, depositions, affidavits, and briefs and argument of counsel, the district court concluded that Jones was not entitled to seaman status and dismissed the claims in admiralty and those made under the Jones Act and the general maritime laws. In addition, the court found all other claims barred by the applicable statute of limitations.

The sole question presented on appeal is whether the court correctly dismissed that part of the complaint found to be filed untimely. No other issue is raised.

Since Jones' accident occurred on a fixed platform in the Gulf of Mexico, adjacent to Louisiana's shore, the one year prescriptive or limitations period applicable in Louisiana, La.Civ.Code art. 3536, controls the question before us.[1] Specifically we are presented with the issue whether the act of mailing a complaint operates to toll the period of limitations.

The one year limitation established by Louisiana Civil Code article 3536 may be interrupted by the commencement of an action in a court of competent jurisdiction. Louisiana Revised Statutes 9:5801 states:

All prescriptions affecting the cause of action therein sued upon are interrupted as to all defendants ... by the commencement of a civil action in a court of competent jurisdiction and in the proper venue.

In determining when a suit is commenced, aid is provided by the reporter's explanatory note to R.S. 9:5801 which refers to article 421 of Louisiana's Code of Civil Procedure. Article 421 reads: "A civil action is a demand for the enforcement of a legal right. It is commenced by the *filing* of a pleading presenting the demand to a court of competent jurisdiction." (Empha-

1. See, e. g., Chevron Oil Co. v. Huson, 404 U.S. 97, 92 S.Ct. 349, 30 L.Ed.2d 296 (1971); Rodriguez v. Aetna Cas. & Sur. Co., 395 U.S. 352, 89 S.Ct. 1835, 23 L.Ed.2d 360 (1969); Louviere v. Shell Oil Co., 509 F.2d 278 (5th Cir. 1975).

sis added.) Thus, our inquiry probes into what acts are necessary to constitute filing.

■■■■ A "suit is filed when it is timely placed in the hands of the clerk of a court of competent jurisdiction for filing." *Dubois v. Olympic Ins. Co.*, 231 So.2d 714, 715 (La.App.1970). *See Meyers v. Istre*, 379 So.2d 1181 (La.App.1980). Mailing the complaint to the clerk does not equate with "filing." *See, e. g., Hayes v. Woodworth Trucking Co.*, 353 So.2d 478 (La.App.1977). As two intermediate appellate courts in Louisiana have written:

> We think that the placing of a suit in the hands of the Clerk for filing must be shown by more than presumptive evidence. The plaintiff must prove it by the preponderance of the evidence. If we were to hold otherwise, we should have to hold that the mailing of a suit to the Clerk is sufficient to interrupt prescription, and *that is not the law of this state.*

*Hayes v. Woodworth Trucking Co.*, 353 So.2d at 479–80 (emphasis added) (*quoting Dubois v. Olympic Ins. Co.*, 231 So.2d at 716).

■■■ The fact that the instant complaint was mailed to the clerk several days prior to the accrual of the statute of limitations period does not alter the relevant inquiry. The crucial question is whether the pleading was put into the physical possession of the clerk within one year of Jones' injury. In this case, the clerk did not timely receive the complaint.

While the operation of Louisiana's strict "filing" requirement rule appears harsh, given the mailing of the complaint nearly a week before the limitations period ran, we must, in this instance, follow the state policy as articulated by state courts. *Cf. Walker v. Armco Steel Corp.*, 446 U.S. 740, 100 S.Ct. 1978, 64 L.Ed.2d 659 (1980); *Ragan v. Merchants Transfer & Warehouse Co.*, 337 U.S. 530, 69 S.Ct. 1233, 93 L.Ed. 1520 (1949). Accordingly, we are compelled to conclude that the filing was unseasonable.

The decision of the district court is AFFIRMED.

* Former Fifth Circuit case, Section 9(1) of Public Law 96–452—October 14, 1980.