Dorothy L. HENDRIX,
Plaintiff-Appellant,

v.

MEMORIAL HOSPITAL OF
GALVESTON COUNTY,
Defendant-Appellee.

No. 85-2263
Summary Calendar.

United States Court of Appeals,
Fifth Circuit.

Nov. 19, 1985.

Opinion on Denial of Rehearing
Dec. 23, 1985.

Gordon R. Cooper, II, Houston, Tex., for plaintiff-appellant.

James R. Ansel, Scott Lyford, Galveston, Tex., for defendant-appellee.

Before RUBIN, JOHNSON and JONES, Circuit Judges.

## OPINION

EDITH HOLLAN JONES, Circuit Judge:

This incredibly aged case must be REVERSED and REMANDED to the district court for further proceedings. Although resulting from an employment discrimination claim filed nearly nine years ago, the lawsuit was timely filed pursuant to 42 U.S.C. § 2000e–5(f)(1) and the proper party defendant added under Fed.R.Civ.P. 15(c). The responsibility for the delay, with all of the unfortunate costs and consequences that will be visited upon both parties, resides with the EEOC and the United States Department of Justice.

Appellant Hendrix, an employee of defendant Memorial Hospital of Galveston County, Texas for thirteen years, filed her written complaint with EEOC on March 10, 1977. Not until October 15, 1979, was she sent a Determination letter informing her that she could sue the hospital "within 90 days following receipt of Notice of Right to Sue which will be issued by the Department of Justice...." Nearly four years later, on July 11, 1983, she received the Notice of Right to Sue. Appellant filed her action in the district court 88 days later. Although her original petition improperly named "Memorial Hospital of Galveston County Auxiliary, Inc." as defendant, following an order of the district court, she amended her petition and served the proper defendant.

The district court granted Memorial Hospital's motion to dismiss on two bases. First, it held that appellant had not filed suit within the 90-day period following receipt of EEOC's Determination letter dated October 15, 1979. *See* 42 U.S.C. § 2000e–5(f)(1), governing limitations for Title VII actions. The district court relied largely upon *Zambuto v. American Telephone and Telegraph Co.*, 544 F.2d 1333 (5th Cir.1977). Second, the district court held the appellant's action time-barred because she sued the wrong party and, under Federal Rule of Civil Procedure 15(c), the proper party defendant was not joined "within the period provided by law for commencing the action against him." Both of these conclusions were erroneous.

## I. TIME LIMIT FOR FILING TITLE VII ACTION

■ The district court believed that the facts of this case lay within the well-established Fifth Circuit caselaw holding that, with regard to discrimination claims against private employers, the 90-day limitation period for filing a Title VII lawsuit begins to run upon receipt by the charging party of unambiguous notice that the EEOC's processes have terminated and the agency has decided not to bring suit. *Whitehead v. Reliance Insurance Co.*, 632 F.2d 452, 459 and cases cited therein (5th Cir.1980). These cases properly interpreted the intent of Congress, expressed in 42 U.S.C. § 2000e–5(f)(1), to expedite the processing of discrimination complaints so as to keep claims fresh. "When the aggrieved party knows EEOC has completed its efforts, the time for suit has come and the statute fixes its season at 90 days." *Zambuto*, 544 F.2d at 1335. Using this test as its guideline, the district court easily found that the first letter received by the appellant unambiguously informed her that EEOC had finished processing her claim. The district court then laudably sought to enforce the intent of Congress by holding

that this first letter, rather than the one received from the Justice Department in 1983, should commence the running of the 90-day statute of limitations.

Both the district court and the parties to the lawsuit overlooked the fact that a different statutory scheme, embodied within Section 2000e–5(f)(1) itself, applies when the respondent to the claim is a "government, governmental agency, or political subdivision." In such event, the statute states that

. if the Commission has been unable to secure from the respondent a conciliation agreement acceptable to the Commission, the Commission shall take no further action and shall refer the case to the Attorney General.... If a charge filed with the Commission ... is dismissed by the Commission, or if within one hundred and eighty days from the filing of such charge ... the Attorney General has not filed a civil action in a case involving a government, governmental agency, or political subdivision, ... *the Attorney General in a case involving a government, governmental agency, or political subdivision, shall so notify the person aggrieved and within ninety days after the giving of such notice a civil action may be brought against the respondent named in the charge ...*" (emphasis added).

At the time EEOC concluded that it would not act on the appellant's claim, its regulations expressly provided that Attorney General would issue the notices of right to sue contemplated by the statute. 29 C.F.R. § 1601.28(d).[1]

Thus, although EEOC's employment of a two-tier notification process to advise complainants of their right to sue has spawned considerable litigation in other situations,[2] here the statute clearly required appellant to await the action of the Justice Department before commencing her lawsuit. Compare *Fouche v. Jekyll Island-State*

---

1. A subsequent 1980 amendment to this provision, which has been the subject of dispute in cases such as *Solomon v. Hardison*, 746 F.2d 699 (11th Cir.1984) and *Fouche v. Jekyll Island-State Park Authority*, 713 F.2d 1518, 1524 (11th Cir. 1983), is fortunately not before us.

. 2. *See, e.g., Zambuto; Crawford v. Western Electric Co.*, 614 F.2d 1300, 1308 n. 12 (5th Cir.1980); *Shea v. City of St. Paul*, 601 F.2d 345 (8th Cir. 1979); *Page v. U.S. Industries Inc.*, 556 F.2d 346 (5th Cir.1977), *cert. denied*, 434 U.S. 1045, 98 S.Ct. 890, 54 L.Ed.2d 796 (1978).

*Park Authority,* 713 F.2d 1518 (11th Cir. 1983). "This conclusion is not only mandated from the precise statutory language of [§ 2000e–5(f)(1) ] but from the apparent intent of Congress [in the 1972 amendments to Title VII] to vest sole power in the Attorney General to bring civil actions against governmental respondents. As the administrative process has not been completed in cases involving governmental employers until the Attorney General has determined that it will not bring a civil action, it would be inconsistent with the intent of [§ 2000e–5(f)(1) ] to allow the 90 day period to commence prior to the Attorney General's involvement in the administrative process...." *Osiecki v. Housing and Redevelopment Authority of the City of St. Paul, Minnesota,* 481 F.Supp. 1229, 1232–33 (D.Minn.1979). *See Rozen v. District of Columbia,* 702 F.2d 1202 (D.C.Cir.1983). Whether or not appellant could have filed suit before she received the letter from the Justice Department is not at issue here. The fact is, she did comply with the statute in timely filing suit after receipt of the Justice Department's notice.

## II. FEDERAL RULE OF CIVIL PROCEDURE 15(c)

■ Appellant Hendrix admittedly sued the wrong party defendant to begin with. She sued Memorial Hospital of Galveston County Auxiliary, Inc. and effected service on that defendant on October 21, 1983, two weeks after suit was filed, and 102 days after receipt of the Notice of Right to Sue letter. Not until March 14, 1984, did appellant file an amended petition naming the proper defendant. The action against the proper defendant obviously was time-barred unless appellant could bring herself

within the ambit of Fed.R.Civ.P. 15(c), permitting relation back of an amendment joining a new party to the date when the original complaint was filed.[3]

The district court denied her this relief. The district court emphasized that the Rule "expressly and clearly provides that the new party must have received such notice *within the period provided by law for commencing the action against him* (emphasis added)." The court concluded that the action "commenced" either when appellant initiated service on the Medical Auxiliary by virtue of correspondence dated October 14, 1983, or when it was effected on October 21, and that either of these dates was outside the 90-day limitation set forth in Section 2000e–5(f)(1).

Although there is considerable support for such a construction of Rule 15(c), it does not lie in this circuit.[4] The Fifth Circuit permits relation back to the original filing date of the complaint even though it may take a reasonable amount of time after the limitations period to serve process upon the original party defendant. *Kirk v. Cronvich,* 629 F.2d 404, 408 (5th Cir.1980).

This being the case, appellant's action against Memorial Auxiliary commenced 88 days after she received the Notice of Right to Sue letter, even though the defendant was served later.

We must thus consider the two other pertinent prerequisites of Rule 15(c), identified by the district court, in relation to this action. First, we believe that Memorial Hospital of Galveston County did receive such notice of the filing of appellant's action so as not to be prejudiced in preparing its defense on the merits. Both the proper

---

**3.** Rule 15(c) provides in pertinent part:

An amendment changing the party against whom a claim is asserted relates back if ... within the period provided by law for commencing the action against him, the party to be brought in by amendment (1) has received such notice of the institution of the action that he will not be prejudiced in maintaining his defense on the merits, and (2) knew or should have known that, but for a mistake concerning the identity of the proper party,

the action would have been brought against him.

**4.** See Justice White's dissent to the denial of a petition for certiorari in *Cooper v. United States Postal Service,* —— U.S. ——, 105 S.Ct. 2034, 85 L.Ed.2d 316 (1985) (citing *Watson v. Unipress Inc.,* 733 F.2d 1386, 1390 (10th Cir.1984); *Trace X Chemical Inc. v. Gulf Oil Chemical Co.,* 724 F.2d 68, 71–72 (8th Cir.1983); *Hughes v. United States,* 701 F.2d 56, 58–59 (7th Cir.1982)). *See also Cooper v. United States Postal Service,* 740 F.2d 714 (9th Cir.1984).

defendant and the Memorial Auxiliary used the same mailing address, the same counsel, and are located within the same business complex. The proper defendant has not averred that it suffered any prejudice from the confusion. Furthermore, notice of this action could be imputed to Memorial Hospital through the attorney shared by it and the Memorial Auxiliary. *Kirk*, 629 F.2d at 408; *Montalvo v. Tower Life Building*, 426 F.2d 1135, 1147 (5th Cir. 1970).

Second, Memorial Hospital knew or should have known that, but for appellant's mistake, it would have been named as the defendant at the outset. The original answer filed on behalf of the Memorial Auxiliary acknowledged that appellant was formerly employed by Memorial Hospital and evidences knowledge of her EEOC action against the proper defendant. There can be no doubt that, the "commencement" of the action having been satisfied with a reasonable allowance for service of process, the standards for relation back under Fed.R.Civ.P. 15(c) have been fully met. *See Marks v. Prattco Inc.*, 607 F.2d 1153, 1156 (5th Cir.1979).

For the foregoing reasons, appellant's discrimination action was timely commenced and she timely, albeit dilatorily, joined the proper party defendant. The judgment of the district court is REVERSED, and the cause is REMANDED for further proceedings.

ON PETITION FOR REHEARING
PER CURIAM:

The petition for panel rehearing filed by appellee Memorial Hospital of Galveston County is DENIED. The dispositive regulation in effect at the time relevant here provided:

Notices of right to sue for charges against Governmental respondents. Notices of right to sue in cases where the respondent is a government, government agency, or a political subdivision thereof, shall be issued by the Attorney General, who has the authority to issue such notices.

29 C.F.R. § 1601.28(d), amended by 45 Fed. Reg. 73037, Nov. 4, 1980.