**Joe T. GONZALES, Plaintiff,**

v.

**The SECRETARY OF the AIR FORCE and the Department of the Air Force, Defendants.**

**Civ. A. No. CA–6–85–27.**

United States District Court,
N.D. Texas,
San Angelo Division.

July 29, 1986.

George A. Gonzales, Abilene, Tex., for plaintiff.

Curtis L. Bentz, Major, Jay L. Cohen, Major, Gen. Litigation Div., Office of the Judge Advocate Gen., Washington, D.C., Marvin Collins, U.S. Atty., Charles Ory, Asst. U.S. Atty., Dallas, Tex., for defendants.

## ORDER

WOODWARD, Chief Judge.

This matter came before the court on the defendants' Motion To Reconsider The Court's Order Of May 21, 1986 Denying Defendant's Motion To Dismiss Or, In The Alternative, For Summary Judgment. The plaintiff has filed a reply brief.

### A. *History of The Case*

Plaintiff filed this suit on April 12, 1985, pursuant to Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §§ 2000e, *et seq.* Plaintiff named the Department of Air Force as defendant, and sought injunctive relief and compensatory relief for the defendant's alleged racial, religious, national origin, and sex discrimination. Plaintiff sued for himself and for others similarly situated.

On April 30, 1986, defendant moved to dismiss plaintiff's complaint. Defendant claimed that plaintiff's failure to sue the Secretary of the Air Force within thirty (30) days of receipt of a final decision from the Equal Employment Opportunity Commission under 42 U.S.C. § 2000e–16(c) required dismissal. In his response, plaintiff stated that he intended to pursue only his individual claim, and sought to amend his complaint to add the Secretary of the Air Force as a defendant.

On May 21, 1986, 110 F.R.D. 350, the court entered an order denying defendant's motion to dismiss, and granting plaintiff leave to amend his complaint. The court based its decision upon Federal Rule of Civil Procedure 15(c) and precedent in the Fifth Circuit. *Williams v. United States,* 405 F.2d 234 (5th Cir.1968); *Kirk v. Cronvich,* 629 F.2d 404 (5th Cir.1980); *Hendrix v. Memorial Hosp. of Galveston County,* 776 F.2d 1255 (5th Cir.1985). Although plaintiff did not sue and serve the proper party within the thirty-day time period of 42 U.S.C. § 2000e–16(c), the court permitted plaintiff to amend because of the Fifth Circuit's interpretation of Rule 15(c). At that time, the Fifth Circuit permitted an amendment to relate back "to the original filing date of the complaint even though it may take a reasonable amount of time after the limitations period to serve process upon the original party defendant." *Hendrix v. Memorial Hosp. of Galveston County,* 776 F.2d at 1257.

### B. *Defendants' Pending Motion*

Because of the United States Supreme Court's recent decision in *Schiavone, et al. v. Fortune, AKA Time, Inc.,* —— U.S. ——, 106 S.Ct. 2379, 91 L.Ed.2d 18 (1986), *aff'd,* 750 F.2d 15, the defendants now move this court to reconsider the May 21, 1986, order. Although *Schiavone* is a libel suit, the Supreme Court specifically addressed the requirements for an amendment to relate back to the original date of filing under Rule 15(c).

There, as in the case at bar, the petitioners had filed their complaints within the

statutory period, but sued and served "Fortune" magazine, instead of the proper party, Time, Inc. Although petitioners later amended their complaints and effected proper service on Time, Inc., this was done *after* the statutory period. On defendant's motion to dismiss, the district court dismissed the complaints, finding that the amendments did not relate back "because it had not been shown that Time received notice of the institution of the suits within the period provided by law for commencing an action against it." *Id.* at ——, 106 S.Ct. at 2382. The Third Circuit affirmed the district court.

The Supreme Court affirmed the circuit court and found as follows:

> *Timely filing of a complaint, and notice within the limitations period to the party named in the complaint, permits imputation of notice to a subsequently named and sufficiently related party.* In this case, however, neither Fortune nor Time received notice of the filing until after the period of limitations had run. Thus, there was no proper notice to Fortune that could be imputed to Time.

*Id.* at ——, 106 S.Ct. at 2384 (emphasis added). Therefore, the Fifth Circuit's liberal application of Rule 15(c) is overruled.

Based upon the Supreme Court's decision in *Schiavone, et al. v. Fortune, AKA Time, Inc.,* the court grants defendants' motion to reconsider.

### C. *Application of* Schiavone *to the Plaintiff's Amended Complaint*

The pleadings show that the plaintiff received notice of the EEOC's final decision in mid-March of 1985, and filed suit on April 12, 1985. It is uncontroverted that plaintiff filed his suit against the Department of the Air Force within the thirty-day requirement of 42 U.S.C. § 2000e–16(c). Plaintiff did not serve, however, the department until April 30, 1985, and did not serve the United States Attorney until July 24, 1985. Based on *Schiavone,* because plaintiff did not serve the Department of the Air Force within the required thirty-day statutory period, there is no proper notice to the

department that could be imputed to the Secretary of the Air Force. *Id.* Therefore, plaintiff cannot amend his complaint, and the complaint must be dismissed because he failed to sue the proper party. Furthermore, plaintiff is barred from filing suit again because the statutory period for filing a complaint has expired.

Accordingly, the defendants' motion to dismiss is granted, and plaintiff's suit is dismissed with prejudice. Judgment will be entered accordingly.