Joe T. GONZALES, Plaintiff-Appellant,

v.

SECRETARY OF the AIR FORCE and the Department of the Air Force, Defendants-Appellees.

No. 86–1609.

United States Court of Appeals, Fifth Circuit.

Aug. 18, 1987.

---

John E. Tobin, Dorsey & Whitney, Edward J. Pluimer, Patricia C. Hayashi, New York City, George A. Gonzales, Abilene, Tex., Richard T. Seymour, Wm. L. Robinson, Lawyers' Committee for Civil Rights, Washington, D.C., for plaintiff-appellant.

Jay L. Cohen, Major, U.S. Air Force, Washington, D.C., Marvin Collins, U.S. Atty., Charles Ory and Stafford Hutchinson, Asst. U.S. Attys., Dallas, Tex., for defendants-appellees.

Before BROWN, REAVLEY and JOLLY, Circuit Judges.

E. GRADY JOLLY, Circuit Judge:

In this employment discrimination action, the appellant, Joe T. Gonzales, argues that the district court erred in dismissing his complaint for his failure to sue the proper party within the required thirty-day statutory filing period. Based on the Supreme Court's decision in *Schiavone v. Fortune*, 477 U.S. 21, 106 S.Ct. 2379, 91 L.Ed.2d 18 (1986), the district court held that Gonzales's amendment to his complaint naming the Secretary of the Air Force ("the Secretary") as a defendant, the only proper party sued or served, did not relate back under Fed.R.Civ.P. 15(c) to the original date of the filing. We affirm.

I

In December 1980, the Department of the Air Force ("the Department") did not select Gonzales for a warehouse-foreman position at Goodfellow Air Force Base in Texas. Claiming discrimination on the basis of race and national origin, Gonzales filed a timely formal administrative claim on January 7, 1981. During the next four years, he diligently pursued his administrative remedies in accord with Department instructions and procedures. After exhausting his administrative remedies, Gonzales filed suit in the district court pursuant to Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §§ 2000e *et seq.*, naming the Department as the sole defendant. Gonzales filed his federal court complaint against the Department within the thirty-day statutory filing period as required by 42 U.S.C. § 2000e-16(c).[1] He

---

1. Section 2000e-16(c) provides:

Within thirty days of receipt of notice of final action taken by a department, agency or

served process on the Department on April 30, 1985, which was after the thirty-day filing period had expired, and served the United States Attorney on July 24, 1985.

On April 30, 1986, the Department moved to dismiss Gonzales's complaint, arguing that Gonzales had not complied with 42 U.S.C. § 2000e–16(c) because he failed to sue the *Secretary* within thirty days of receiving notice of the final decision of the Equal Employment Opportunity Commission ("EEOC"). Gonzales requested and was granted leave to amend his complaint, adding the Secretary as a defendant. Based on precedent in this circuit that interpreted Fed.R.Civ.P. 15(c)[2] liberally, *Hendrix v. Memorial Hosp. of Galveston County,* 776 F.2d 1255 (5th Cir.1985), *Kirk v. Cronvich,* 629 F.2d 404 (5th Cir.1980), the district court held that notwithstanding Gonzales's failure to sue and serve the Secretary within thirty days of receiving the EEOC's final decision, he could amend his complaint to add the Secretary as a defendant. Under *Hendrix,* the amendment would relate back "to the original filing date of the complaint even though it [took] a reasonable amount of time after the limitations period to serve process upon the original party defendant." *Hendrix,* 776 F.2d at 1257.

After the district court granted leave to amend the complaint, the Supreme Court rendered its decision in *Schiavone,* 106 S.Ct. 2379. The district court granted the defendants' motion to reconsider its previous order, and, based on *Schiavone,* granted the defendants' motion to dismiss Gonzales's complaint. *Gonzales v. Secretary of the Air Force,* 638 F.Supp. 1323 (N.D. Tex.1986). The court held that because Gonzales did not serve the Department within the required thirty-day statutory period, there was no proper notice to the Department that could be imputed to the Secretary. Because no notice was given before the time limitation had expired, Gonzales could not amend his complaint to sue the proper party, and his complaint was dismissed. *Id.* at 1325. Gonzales appealed.

## II

The district court correctly held that this case is controlled by *Schiavone.* In *Schiavone,* the plaintiffs timely sued Fortune Magazine for libel within New Jersey's one-year statute of limitations. "Fortune," however, was only a trademark and the name of an internal division of Time, Incorporated ("Time"). The plaintiffs then attempted to serve process on Time's registered agent in New Jersey. The agent refused service because Time was not a named defendant in the suit. After the

unit referred to in subsection (a) of this section, or by the Equal Employment Opportunity Commission upon an appeal from a decision or order of such department, agency, or unit on a complaint of discrimination based on race, color, religion, sex or national origin, brought pursuant to subsection (a) of this section ... an employee or applicant for employment, if aggrieved by the final disposition of his complaint, or by the failure to take action on his complaint, may file a civil action as provided in section 2000e–5 of this title, in which civil action the head of the department, agency, or unit, as appropriate, shall be the defendant.

42 U.S.C. § 2000e–16(c) (1982).

**2.** Rule 15(c) provides:

**Rule 15. Amended and Supplemental Pleadings**

**(c) Relation Back of Amendments.** Whenever the claim or defense asserted in the amended pleading arose out of the conduct, transaction, or occurrence set forth or attempted to be set forth in the original pleading, the amendment relates back to the date of the original pleading. An amendment changing the party against whom a claim is asserted relates back if the foregoing provision is satisfied and, within the period provided by law for commencing the action against him, the party to be brought in by amendment (1) has received such notice of the institution of the action that he will not be prejudiced in maintaining his defense on the merits, and (2) knew or should have known that, but for a mistake concerning the identity of the proper party, the action would have been brought against him.

The delivery or mailing of process to the United States Attorney, or his designee, or the Attorney General of the United States, or any agency or officer who would have been a proper defendant if named, satisfies the requirement of clauses (1) and (2) hereof with respect to the United States or any agency or officer thereof to be brought into the action as a defendant.

statutory filing period had expired, the plaintiffs amended their respective complaints to add Time as a defendant, and subsequently served process on Time. The district court dismissed the complaint, holding that the amendment did not relate back to the date of the original filing under Rule 15(c) because Time did not receive notice of the institution of the libel actions "within the period provided by law for commencing the action against [it]." *Schiavone,* 106 S.Ct. at 2381–82.

The Supreme Court affirmed and set forth four factors upon which "relation back" of an amended pleading under Rule 15(c) depends:

> (1) the basic claim must have arisen out of the conduct set forth in the original pleading; (2) the party to be brought in must have received such notice that it will not be prejudiced in maintaining its defense; (3) that party must or should have known that, but for a mistake concerning identity, the action would have been brought against it, and (4) the second and third requirements must have been fulfilled within the prescribed limitations period.

*Id.* at 2384. The Court clearly stated that all four factors must be satisfied before relation back will apply. *Id.*

Like the plaintiffs in *Schiavone,* Gonzales has satisfied the first factor; the problem in this case lies with his satisfaction of the remaining factors. Reviewing the record, we have determined that the following dates are critical in the disposition of this case: (1) Gonzales received notice of the final agency decision on March 15, 1985, and he filed suit against the Department on April 12, 1985, within the thirty-day statutory time period; (2) on April 30, 1985, Gonzales served process on the Department, which was after the thirty-day time period had expired; (3) Gonzales served the United States Attorney on July 24, 1985; (4) the court permitted Gonzales to amend his complaint, adding the Secretary as a defendant, on May 21, 1986; and (5) Gonzales served the amended complaint on the Secretary on June 2, 1986.

The record thus shows that the means Gonzales used for notifying the defendants of his federal action was service of process on the Department, the United States Attorney, and the Secretary. As the above dates indicate, however, each party received this notice *after* expiration of the prescribed thirty-day limitations period of 42 U.S.C. § 2000e–16(c).

■ The question before us, therefore, is whether the amendment adding the Secretary, the only proper defendant in this case, can relate back under Rule 15(c) to the original filing of the complaint so as to make the complaint against the Secretary timely. According to *Schiavone,* we must determine (1) whether the Secretary had sufficient notice of Gonzales's federal lawsuit such that no prejudice will result to the Secretary in maintaining his defense; and (2) whether the Secretary knew or should have known that the action brought against the Department would have been brought against him but for Gonzales's mistake concerning the named defendant in his complaint. *Schiavone* further instructs us that these two considerations must have been satisfied within the thirty-day limitations period of 42 U.S.C. § 2000e–16(c).

■ The indisputable facts show that Gonzales gave notice to the Secretary of this Title VII action by serving process on the Secretary on June 2, 1986, more than one year after the thirty-day limitations period had expired. No colorable argument can be made that this belated notice satisfies the second and fourth factors of the *Schiavone* test. Furthermore, Gonzales's notice to the Department and the United States Attorney by service of process was also received *after* the prescribed limitations period. Having failed to notify the Department and the United States Attorney within the thirty-day period, Gonzales cannot argue, under *Schiavone*'s third factor, that knowledge of his federal lawsuit is imputed to the Secretary. Because Gonzales failed to notify any party of this action within the statutory period, the Secretary could not have known that an action would have been brought against him but for Gonzales's mistake in naming

the proper defendant. Gonzales has failed to satisfy the second, third and fourth factors of the *Schiavone* test and we hold, therefore, that the amended complaint did not relate back under Rule 15(c) to the original date of the filing of the action.

Gonzales argues, however, that the Secretary had "both formal and informal notice of Mr. Gonzales's action through the Air Force's active involvement at every stage of the administrative process." Brief for Appellant at 22. According to Gonzales, because the Department and the Secretary had detailed knowledge of the more than four years of administrative litigation, the defendants were on notice that Gonzales would continue to seek relief in federal court. Although there is no dispute that Gonzales and the Department were involved in lengthy administrative battles for a number of years, the mere fact that administrative proceedings occurred cannot be construed as any kind of notice, whether "formal" or "informal," [3] of a subsequent federal lawsuit.

Finally, we note that the procedural posture of this case is not dissimilar to that of *Schiavone.* The plaintiffs in *Schiavone* filed suit in a timely manner, as did Gonzales, but did not serve any party until after the one-year statute of limitations had expired. The Court stated:

> [N]otice to Time and the necessary knowledge did not come into being within the period provided by law for commencing the action against Time, as is so clearly required by Rule 15(c). That oc-

curred only after the expiration of the applicable 1–year period. This is fatal, then, to petitioners' litigation.

Similarly, Gonzales did not serve any party within the thirty-day statutory time period. Just as the *Schiavone* plaintiffs' failure to provide notice to Time within the limitations period barred relation back of the amended complaint under Rule 15(c), Gonzales's failure to notify the Secretary properly also makes the relation back provision of Rule 15(c) inapplicable.[4]

### III

In conclusion, Gonzales's failure to notify the Secretary "within the period provided for law for commencing the action against him" as required by Rule 15(c) precludes relation back of his amended complaint, naming the Secretary as defendant, to the date of the original pleading. The district court's dismissal of Gonzales's complaint is therefore

AFFIRMED.

JOHN R. BROWN, Circuit Judge, dissenting.

The majority's characterization of § 2000e–16(c) and Rule 15(c) as traps to frustrate a citizen in his quest to vindicate his civil right is contrary to the spirit of our civil rights laws and the aspirations of the drafters of the Federal Rules of Civil Procedure.[1] Therefore, I must respectfully dissent.

---

**3.** Because Gonzales gave *no* notice to any party of his federal action within the statutory time period, we do not decide the issue he raises concerning whether relation back under Rule 15(c) requires formal notice, i.e., service of process, or whether some kind of informal notice would be sufficient.

**4.** In our view, the principal error of the dissent is that it confuses *filing* with *notice.* We do not read the word "file" in 42 U.S.C. § 2000e–16(c) to mean "file and serve" within the thirty-day period prescribed by the statute. Filing means filing. Notice means notice. The dissent, however, reads the word "notice" in Rule 15(c) to be synonymous with the word "file," which, indeed, if read synonymously would be a legal fiction, and a proposition for which no authority is or can be cited. In this respect our holding

is simple: the Secretary did not receive notice that a complaint had been filed against anyone until, at the very earliest, the complaint was served on the Department, some eighteen days after it was filed and some sixteen days after the statute of limitations had expired. There is, therefore, simply no way that Rule 15(c)(1) and (2) could have been satisfied within the thirty-day prescribed limitations period as required by *Schiavone.*

**1.** Rule 1 of the Federal Rules of Civil Procedure provides:

"[t]hey [the rules] shall be construed to secure the just, speedy and inexpensive determination of every action." While the majority's affirmance of the dismissal of Gonzales' claim is, without a doubt, speedy and inexpensive, it would be far from just.

The majority holds the United States Supreme Court's interpretation of Rule 15(c) in *Schiavone v. Fortune*, 477 U.S. 21, 106 S.Ct. 2379, 91 L.Ed.2d 18 (1986) mandates a dismissal of Gonzales' action. I do not find *Schiavone* either that controlling on these facts or that draconian in effect. A retelling of Gonzales' travels to this point in his appeal demonstrates how Gonzales has avoided the procedural road blocks to his substantive claim.

· After a four-year administrative bout with the Air Force, during which Gonzales and his attorney crossed each procedural hurdle successfully, Gonzales finally exhausted all appeals through the EEOC.

Gonzales came to the end of his administrative rope on March 15, 1985. According to the statute, he had "thirty days of receipt of notice of final action ... [to] *file* a civil action...." 42 U.S.C. § 2000e-16(c) (emphasis added).[2] The civil action was filed on April 12, 1985, within the thirty-day requirement of the statute.

The majority opinion reads the word "file" in the statute to mean "file and serve," and that this implied service "requirement" must also be done within the thirty-day period. Simply stated, this is not what the statute says. The word "file" means just that—file.[3] A suit is filed when the complaint, that is, the legal paper, is presented to and in the actual or constructive possession of the clerk of the court. *Compare Leggett v. Strickland*, 640 F.2d 774 (5th Cir.1981), *with Jones v. Forest Oil*

Co., 663 F.2d 556 (5th Cir.1981) (applying Louisiana law, "suit is filed when it is timely placed in the hands of the clerk of a court of competent jurisdiction for filing").

This court has held that filing a lawsuit within the period prescribed by statute is sufficient without the further requirement of service of process. *See Caldwell v. Martin Marietta Corp.*, 632 F.2d 1184, 1188 (5th Cir.1980). It is beyond argument that Gonzales complied with § 2000e-16(c) and *filed* his suit within thirty days of the final disposition of his administrative complaint so that the District Court had subject matter jurisdiction of the claim under the statute. Since the thirty-day filing provision under § 2000e-16(c) was satisfied, there is no reason to enter the fray of whether the miniscule thirty-day provision is jurisdictional, or merely a statute of limitation which can be subject to equitable tolling.[4]

My strongest disagreement with the majority's opinion is their reliance on *Schiavone* and Rule 15(c) while utterly ignoring Rule 4(j). In *Schiavone*, a diversity case brought under New Jersey's libel statute, the New Jersey statute of limitations required that a libel action be commenced one year after publication of the alleged libel. The New Jersey statute reads: "every action at law for libel or slander must be *commenced* within one year after the publication of the alleged liable or slander." N.J.Stat.Ann. 2A:14E (West 1952). Under New Jersey law, the issuance of process

---

2. According to the statute, "the Secretary of the Air Force," not Gonzales' old adversary "the Department of the Air Force," is the proper defendant.

3. Other circuits have wrestled with the definition of the word "file" and have reached the same result. *See Rodgers v. Bowen*, 790 F.2d 1550, 1552 (11th Cir.1986) ("We therefore hold that a complaint is 'filed' for statute of limitations purposes when it is 'in the actual or constructive possession of the clerk.'") (citations omitted). The Tenth Circuit took the straightforward approach and cited the American Heritage Dictionary of the English Language in defining "file" as "entry on official record or to apply for ... or, more simply 'to submit papers.'" *Paluso v. Mathews*, 573 F.2d 4, 9 (10th Cir.1978) (citations omitted).

4. *Compare Newbold v. United States Postal Service*, 614 F.2d 46 (5th Cir.) (jurisdictional) *cert. denied*, 449 U.S. 878, 101 S.Ct. 225, 66 L.Ed.2d 101 (1980); *Eastland v. Tennessee Valley Authority*, 553 F.2d 364 (5th Cir.) (jurisdictional) *cert. denied*, 434 U.S. 985, 98 S.Ct. 611, 54 L.Ed.2d 479 (1977) *with Antoine v. United States Postal Service*, 781 F.2d 433 (5th Cir.1986) (nonjurisdictional; questioning *Eastland's* continued vitality). *Cf. Chappell v. Emco Machine Works Co.*, 601 F.2d 1295, 1300–02 (5th Cir. 1979) (90–day filing requirement in private sector cases jurisdictional); *Mohasco Corp. v. Silver*, 447 U.S. 807, 811 n. 9, 100 S.Ct. 2486, 2490 n. 9, 65 L.Ed.2d 532 (1980) (same); *see also, Zipes v. Trans World Airlines, Inc.*, 455 U.S. 385, 393–94, 102 S.Ct. 1127, 1132–33, 71 L.Ed.2d 234 (1982) (filing timely charge under Title VII not a jurisdictional prerequisite to suit in federal court).

and a bona fide attempt to serve process are essential to the institution of a suit, *Bittles v. West Ridgelawn Cemetery*, 155 A. 130 (N.J.Ch.1931), because the statute of limitations continues to run after a complaint is filed. *Zaccardi v. Becker*, 88 N.J. 245, 440 A.2d 1329 (1982).

In *Schiavone*, the plaintiff filed his complaint on May 9, 1982. The limitation period expired on May 19, 1982. Not until May 20, 1982, did plaintiff's counsel attempt to serve the defendants, and a proper complaint was not served until July 21, 1982. Therefore, "neither Fortune nor Time received notice of the filing until after the period of limitations had run. Thus, there was no proper notice to Fortune [the improper party] that could be imputed to Time [the proper party]." *Schiavone*, 477 U.S. at ——, 106 S.Ct. at 2384, 91 L.Ed.2d at 27. In the instant case, however, by correctly reading Rule 15(c) in conjunction with Rule 4(j), a proper party did receive notice within the required time frame.

The distinction is simple. In *Schiavone*, the Supreme Court relied on the New Jersey statute that required *commencement* of a law suit within the limitations period. Since no one was served within the prescribed limitations period, the suit was not "commenced." Consequently, there was no party to relate back to. This is in sharp contrast to Gonzales' suit: the federal statute requires only that a suit be *filed* within a thirty-day period.

Thus, since the suit was filed within the thirty-day period, we next look to see if service was proper. Under F.R.Civ.P. 4(j),[5] a party has 120 days from the filing of his complaint to serve the summons upon the defendant. This time for service of process takes on great significance for Gonzales in two ways.

First, Gonzales served the Department of the Air Force 18 days after filing his suit, well within the 120 day requirement. At oral argument, counsel for the Air Force conceded that at the moment the Air Force received notice of the suit, the Secretary received notice of the suit. The majority opinion implies—if it does not necessarily hold—that the Secretary did not receive notice until Gonzáles amended his complaint naming the Secretary personally over a year later on June 2, 1986.

I am not so audacious, *United States v. Holmes*, 822 F.2d 481 (5th Cir.1987) (Brown, J., dissenting), to challenge *Schiavone*'s holding that we are bound to use the four factors for "relation back" of an amended pleading under Rule 15(c). Rather, I find these factors are a help to Gonzales, not a hindrance.

(1) The basic claim must have arisen out of the conduct set forth in the original pleading;

(2) the party to be brought in must have received notice that it will not be prejudiced in maintaining its defense;

(3) the party must or should have known that, but for a mistake concerning identity, the action would have been brought against it; and

(4) the second and third requirements must have been fulfilled within the prescribed limitations period.

*Schiavone*, 477 U.S. at ——, 106 S.Ct. at 2384, 91 L.Ed.2d at 27.

Both parties agree the first requirement is met. As for the second, the "Secretary" received notice 18 days after the suit was filed, well within the 120 days allowed by Rule 4(j).

It is important to remember that even if the Secretary had been the named party, he, personally, probably *never* would have received notice of Gonzales' routine Title VII claim. The Secretary, when sued solely in his official capacity, and the Air Force are functionally identical for purposes of this suit and this appeal. As far as Gon-

---

**5.** If a service of the summons and complaint is not made upon a defendant within 120 days after the filing of the complaint and the party on whose behalf such service was required cannot show good cause why such service was not made within that period, the action shall be dismissed as to that defendant without

prejudice upon the court's own initiative with notice to such party or upon motion. This subdivision shall not apply to service in a foreign country pursuant to subdivision (i) of this rule.

F.R.Civ.P. 4(j).

zales is concerned, they are one and the same. With all sides knowing this to be so, I am at a loss to know why I—and all other Judges—cannot "know" the same.

Whether the Air Force or some functionary in the office of the Secretary is served, the same people at the Department of the Air Force will process the summons, the same Air Force representative will appear in court, and the same entity will shoulder the burden of loss if Gonzales prevails. While historically, legal fictions have been utilized to meet the needs of justice, *Ex parte Young,* 209 U.S. 123, 28 S.Ct. 441, 52 L.Ed. 714 (1908), legal fictions should never be utilized to frustrate everyday realities. This fiction should not unjustly penalize a loyal government employee whose only mistake in prosecuting his good faith claim was that he, or his lawyer, failed to understand that even though his adversary throughout four years of EEOC administrative hearings had been "the Department," suddenly, with no explanation, his opponent was transformed into "the Secretary."

The Air Force representatives who received the first complaint naming "The Air Force" were, in all likelihood, the same people who received the amended complaint naming "The Secretary of the Air Force." I cannot believe that the law tolerates such an absurdity that the Secretary was "prejudiced" by this mistake.

As to the third requirement, the knowledge of the mistakenly named defendant, it is easily met. No identity of interest and shared knowledge can be posited that is any closer than that between the Secretary and his Department. One commentator has advanced a helpful rule in these cases: "When plaintiff names an incorrect party, the courts probably will apply something akin to a reasonable [person] test to determine whether the party 'should have

known' he was the one intended to be sued." [6] Under such a rule, Gonzales' mistake should clearly not be fatal.

The fourth requirement wraps up the above-mentioned three as a neat package, since the other standards were met within the time period set out in § 2000e–16(c) and Rule 4(j).

Gonzales also served the United States Attorney 100 days after the suit. That takes on a great importance when considered in light of Federal Rule of Civil Procedure 15(c). Service on the United States Attorney satisfies the requirements that (i) the Secretary of the Air Force have notice of the institution of the suit and (ii) the party knew or should have known of a mistake in the identity of the proper party. "The delivery or mailing of process to a United States Attorney ... satisfies the requirement of clauses (1) and (2),[7] hereof with respect to the United States or any agency or officer thereof to be brought into action as the defendant." F.R.Civ.P. 15(c).

Without reading Rule 15(c) to operate after the expiration of the applicable statute of limitations, it would become a dead letter. "The principal purpose of Rule 15(c) is to enable a plaintiff to correct a pleading error after the statute of limitations has run if the correction will not prejudice [the real adversary] in any way." *Schiavone,* 477 U.S. at ——, 106 S.Ct. at 2389, 91 L.Ed.2d at 33 (Stevens, J., dissenting). That purpose is defeated—and the statute becomes largely superfluous—if it is construed to require the correction to be made before the statute has run.

Looking at Rule 15(c) in this light, the majority clearly erred in requiring that this suit be filed and served within the thirty-day period for "relation back" of the amended complaint, and in ignoring the appropriateness of Rule 4(j) in this case. I

---

6. 6 C. Wright & A. Miller, Federal Practice and Procedure § 1498 (Supp.1986); *see also, Romain v. Shear,* 799 F.2d 1416, 1417–18 (9th Cir.1986) *cert. denied,* —— U.S. ——, 107 S.Ct. 2183, 95 L.Ed.2d 840 (1987); *Hymen v. Merits Systems Protection Board,* 799 F.2d 1421, 1422 (9th Cir.1986) *cert. denied,* —— U.S. ——, 107 S.Ct. 1900, 95 L.Ed.2d 506 (1987); *Jarrell v.*

*United States Postal Service,* 753 F.2d 1088 (D.C. Cir.1985); *Cooper v. United States Postal Service,* 740 F.2d 714 (9th Cir.1984), *cert. denied,* 471 U.S. 1022, 105 S.Ct. 2034, 85 L.Ed.2d 316 (1985).

7. These correspond to *Schiavone* requirements (2) and (3).

therefore respectfully, but with a good deal of vigor, dissent.