Herman BROWN, Jr.,
Plaintiff-Appellant,

v.

DEPARTMENT OF ARMY and Red River Army Depot, Defendants–Appellees.

No. 87–2653.

United States Court of Appeals,
Fifth Circuit.

Aug. 25, 1988.

Simmons S. Smith, Little Rock, Ark., for plaintiff-appellant.

Steven M. Mason, Asst. U.S. Atty., Tyler, Tex., Robert L. Minor, Dept. of Army, Washington, D.C., for defendants-appellees.

Before GARWOOD and JONES, Circuit Judges, BLACK *, District Judge:

NORMAN W. BLACK, District Judge:

The panel sua sponte withdraws the opinion herein issued August 16, 1988 and substitutes the following:

Appellant Herman Brown, Jr. brought this action against the Department of Army and Red River Army Depot alleging he was wrongfully terminated from his employment because of his race in violation of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000 *et seq.* The District Court dismissed Brown's complaint for lack of subject matter jurisdiction because he failed to name the proper party defendant. We affirm.

I.

Herman Brown was a federal employee who began working as a welder for the Red River Army Depot in Texarkana, Texas in July of 1981. On September 2, 1983 his employment was terminated and Brown claims his termination was unlawful. He proceeded through the appropriate administrative channels and on October 10, 1985 received a final adverse decision from the United States Equal Employment Opportunity Commission. Brown subsequently filed suit against the United States Army and the Red River Depot.

* District Judge of the Southern District of Texas, sitting by designation.

On March 10, 1986 Brown filed a motion for default judgment. The United States Attorney objected to an entry of default on the grounds that Brown failed to sue the proper parties and service of process had not been obtained on the United States Attorney, the United States Attorney's Office and the Attorney General. As a result Brown moved to amend the complaint so that the proper parties could be named.

An order was entered by the Western District of Arkansas in May of 1986 whereby the motion for a default judgment was denied, Brown was given leave to amend the complaint, and the case was transferred to the Eastern District of Texas. In his amended complaint Brown only named one Defendant, John O. Marsh, Secretary of the Army. The case was dismissed without prejudice on February 26, 1987 pursuant to Rule 4(j), Federal Rules of Civil Procedure. Brown filed a motion to set aside the order and a request for a hearing, both of which were denied. This appeal followed.

## II.

A government employee has thirty days from the receipt of the right-to-sue letter to file a Title VII employment discrimination action. 42 U.S.C. § 2000e–16(c). In the instant case, Brown received his right-to-sue letter on October 10, 1985; therefore, he had until November 9, 1985 to file his complaint against the proper defendant. Suit was timely filed by Brown on November 8, 1985 but he named as Defendants the United States Army and the Red River Depot which were not proper parties. The correct Defendant, John O. Marsh, Secretary of the Army was not named until November 12, 1986, more than one year after the time limit had expired.

1. We have previously reserved the question whether *Eastland* "is still good law" in the respect cited above. *Antoine v. United States Postal Service*, 781 F.2d 433, 439 n. 6 (5th Cir.1986). *Eastland*, as noted in *Antoine*, relied on civil sector classes which held that the ninety-day requirement contained in 42 U.S.C. § 2000e–5(f)(1) was jurisdictional. The "jurisdictional" timely filing requirement has, however, been rejected in private sector cases in

The thirty-day filing limitation for federal employees is a jurisdictional requirement and this statute must be strictly construed. *United States v. Sherwood*, 312 U.S. 584, 61 S.Ct. 767, 85 L.Ed. 1058 (1941); *Goff v. United States*, 659 F.2d 560 (5th Cir.1981). Therefore, since suit was not filed against the proper defendant within thirty days from receipt of the right-to-sue letter, the Court was without jurisdiction over this cause of action. The thirty day limitation of 42 U.S.C. § 2000e–16(c) is a "jurisdictional fact" and the district court should have dismissed Brown's complaint on jurisdictional grounds. *Eastland v. Tennessee Valley Authority*, 553 F.2d 364, 369–70 (5th Cir.), *cert. denied*, 434 U.S. 985, 98 S.Ct. 611, 54 L.Ed.2d 479 (1977).[1]

The only way the Court could have retained jurisdiction was if the amended complaint which named the proper defendant could relate back to the original filing date under Rule 15(c), Fed.R.Civ.P. In *Schiavone v. Fortune*, 477 U.S. 21, 106 S.Ct. 2379, 91 L.Ed.2d 18 (1986) the United States Supreme Court set forth four factors upon which the relation back of an amended pleading under Rule 15(c) depends:

(1) the basic claim must have arisen out of the conduct set forth in the original pleading; (2) the party to be brought in must have received such notice that it will not be prejudiced in maintaining its defense; (3) that party must or should have known that, but for a mistake concerning identity, the action would have been brought against it, and (4) the second and third requirements must have been fulfilled within the prescribed limitations period.

*Id.* 106 S.Ct. at 2384. In order for an amended pleading to relate back all four factors must be satisfied. *Id.*

*Zipes v. Transworld Airlines, Inc.*, 455 U.S. 385, 102 S.Ct. 1127, 71 L.Ed.2d 234 (1982). There is a critical difference between private discrimination cases and those premised on a waiver of sovereign immunity by the federal government. Like the Seventh Circuit, we find this difference controlling and the thirty-day filing requirement thus of jurisdictional weight. *Sims v. Heckler*, 725 F.2d 1143, 1146 (7th Cir.1984).

This Court recently applied the *Schiavone* factors in *Gonzales v. Secretary of the Air Force*, 824 F.2d 392 (5th Cir.1987) (*appeal filed* 11/16/87). In *Gonzales*, the Plaintiff filed suit against the Department of the Air Force within the statutory period but failed to serve process on the Department or the United States Attorney until the time period had expired. In addition, the Secretary of the Air Force was not named as a defendant until after the expiration of the thirty-day statutory period. This Court held Gonzales' amended complaint did not relate back because he gave no notice of his federal claim to any party within the time period proscribed by the statute.

Like the Plaintiff in *Gonzales*, Brown has complied with the first factor of the *Schiavone* test. However he has failed to satisfy the second, third and fourth factors in that no one received notice on or before November 9, 1985 as required by Rule 15(c), Fed.R.Civ.P. As a result this Court is bound by its decision in *Gonzales* and finds that Brown's amended complaint does not relate back to the original filing date. Since the trial court did not have jurisdiction, Brown's complaint was properly dismissed.

### III.

In addition, a question has been raised concerning the applicability of Rule 4(j), Fed.R.Civ.P. to the filing of the amended complaint. Since it has been determined that this Court lacks subject matter jurisdiction over this matter it is not necessary to decide this issue.

### IV.

The only person against whom appellant Brown could have filed his Title VII suit was John O. Marsh, Secretary of the Army. The law requires that service of process be made upon that official by registered or certified mail, personally upon the United States Attorney's Office, and by registered or certified mail on the Attorney General of the United States. Rule 4(d)(4), Fed.R. Civ.P. In addition 42 U.S.C. § 2000e–16(c) gave Brown thirty days from receipt of his right-to-sue letter to file suit against Marsh. This he failed to do. Since the amended complaint was not filed until November of 1986 and does not relate back to the filing of the original complaint the Court lacked jurisdiction over Brown's suit and the case was properly dismissed. The judgment of the district court is AFFIRMED.