Robert **BARKINS** and Douglas Kellup,
Plaintiffs-Appellees,

v.

**INTERNATIONAL INNS, INC.,**
Defendant-Appellant.

No. 87–3244
**Summary Calendar.**

United States Court of Appeals,
Fifth Circuit.

Aug. 27, 1987.

Rehearing Denied Sept. 28, 1987.

Kullman, Inman, Bee & Downing, William F. Banta, Keith D. Frazier, New Orleans, La., for defendant-appellant.

Levy & Bizal, Gary W. Bizal, Marrero, La., Polack, Rosenberg, Rittenberg & Endom, Charles T. Curtis, Jr., New Orleans, La., for plaintiffs-appellees.

Before POLITZ, JOHNSON, and HIGGINBOTHAM, Circuit Judges.

JOHNSON, Circuit Judge:

International Inns, Inc. appeals an order by the district court allowing former employees to amend their Title VII complaint. Because we agree with the district court that International Inns received notice of the suit within the time period set by Fed. R.Civ.P. 15(c), we affirm.

## I. BACKGROUND

Robert Barkins and Douglas Kellup worked at the Holiday Inn of Gretna, Louisiana. The hotel is owned and operated by International Inns, Inc., which holds a franchise from Holiday Inns, Inc., a Tennessee corporation completely separate from International Inns. Barkins and Kellup were terminated in April 1985 and brought a racial discrimination complaint against Holiday Inns before the Equal Employment Opportunity Commission (EEOC). At the EEOC hearings, International Inns' counsel, Kullman, Inman, Bee & Downing, represented the employer. The EEOC issued a "right-to-sue" letter to Kellup on April 4, 1986, and to Barkins on April 5, 1986. Copies of these letters were sent to International Inns' counsel.

On June 27, 1986, Barkins and Kellup filed a Title VII suit in federal district court naming "Holiday Inns, Inc." as the defendant. On July 2, 1986, Barkins and Kellup served Holiday Inns, Inc. in Memphis, Tennessee. On July 8, 1986, approximately 95 days after the right-to-sue letters, a Holiday Inns employee wrote Barkins and Kellup's attorneys informing them, apparently for the first time, that the true employer was International Inns. The same day, Holiday Inns wrote International Inns to tell International of the service of process.

Barkins and Kellup amended their complaint on August 21, 1986, and served it a few days later. The district court granted a motion to allow the amended complaint to relate back to the original complaint's filing date under Fed.R.Civ.P. 15(c), finding that International Inns received notice through counsel. The district court also granted permission for an interlocutory appeal and stayed proceedings pending appeal. This Court accepted the appeal by an order dated April 10, 1987.

## II. DISCUSSION

Title VII of the Civil Rights Act requires plaintiffs to sue within ninety days of receiving a right-to-sue letter from the EEOC. 42 U.S.C. § 2000e-5(f)(1). Barkins and Kellup's original complaint fell within the ninety day period, and their amended complaint falls outside it. However, Fed. R.Civ.P. 15 allows an amended complaint to "relate back" to the date of the original complaint under certain conditions:

(c) **Relation Back of Amendments.** Whenever the claim or defense asserted in the amended pleading arose out of the conduct, transaction, or occurrence set forth or attempted to be set forth in the original pleading, the amendment relates back to the date of the original pleading. An amendment changing the party against whom a claim is asserted relates back if the foregoing provision is satisfied and, *within the period provided by law for commencing the action* against the party to be brought in by amendment that party (1) has received such notice of the institution of the action that the party will not be prejudiced in maintaining his defense on the merits, and (2) knew or should have known that, but for a mistake concerning the identity of the proper party, the action would have been brought against the party.

Fed.R.Civ.P. 15(c) (emphasis added). The courts have interpreted Rule 15(c) as establishing four requirements: (1) that the claim arose out of the same transaction or conduct described in the original complaint; (2) that the new party received notice in such a way as not to be prejudiced; (3) that

the new party knew or "should have known" that the suit would have been brought against it but for a mistake; and (4) that the second and third requirements were met within the limitations period. *Schiavone v. Fortune,* 477 U.S. 21, 106 S.Ct. 2379, 2384, 91 L.Ed.2d 18 (1986); *Kirk v. Cronvich,* 629 F.2d 404, 407 (5th Cir.1980). International Inns acknowledges that requirements (1) through (3) have been met in the instant case. However, International Inns argues that it did not receive notice of suit nor know of Barkins and Kellup's mistake until July 8, 1986, the day Holiday Inns informed International Inns of service of process. Since July 8 fell more than ninety days after the right-to-sue letters, International Inns claims that suit was barred by expiration of the limitations period.

However, International Inns' counsel represented the employer at Barkins and Kellup's EEOC hearings and received copies of the right-to-sue letters. Several cases of this Court have held that notice to counsel constitutes notice to a client for Rule 15(c) purposes. *Hendrix v. Memorial Hospital of Galveston County,* 776 F.2d 1255, 1258 (5th Cir.1985) (new defendant shared mailing address and attorneys with original defendant); *Kirk,* 629 F.2d at 407 (new defendant, the sheriff, was represented throughout suit by the same attorney who represented original defendant, the sheriff's office); *Montalvo v. Tower Life Building,* 426 F.2d 1135, 1147 (5th Cir. 1970) (new defendant's attorney filed the answer to the original complaint; hence the defendant "must have received adequate notice of the institution of the suit"). *See also Ramirez v. Burr,* 607 F.Supp. 170, 174 (S.D.Tex.1984) (individual board members received notice when the board and its director were served, especially since all had the same counsel); *Morrison v. Lefevre,* 592 F.Supp. 1052, 1057–58 (S.D.N.Y.1984) (prison officials added to suit had notice through attorney they shared with prison officials named in original complaint). This Court has also held, in a case involving another Holiday Inn, that the true owner of the defendant hotel received notice of the suit when the owner participated in the EEOC hearings leading up to the suit. *Marks v. Prattco, Inc.,* 607 F.2d 1153, 1156 (5th Cir.1979). Although Holiday Inns and International Inns are separate entities, it is clear that International Inns was aware of the suit against Holiday Inns through the shared counsel. Moreover, International Inns points to no prejudice from Barkins and Kellup's mistake. This Court will not allow International Inns to "sandbag" its opponent by waiting until the expiration of the limitations period to point out an error recognizable well before.

International Inns argues, however, that *Schiavone* overruled *Hendrix, Kirk,* and *Montalvo.* Before *Schiavone,* several circuits, including the Fifth, had interpreted the limitations period in Rule 15(c) as including an extra "reasonable period" for service of process, as provided in Fed.R. Civ.P. 4. *See, e.g., Kirk,* 629 F.2d at 408. *Schiavone* made it clear that Rule 15(c) was to be interpreted literally: the new defendant must receive notice of suit within the limitations period, without regard to any extensions for service of process that might have been available had the plaintiff sued the correct party. *Schiavone,* 106 S.Ct. at 2385. *Schiavone* did not affect this Circuit's precedents concerning what constitutes notice under Rule 15(c). Since International Inns received notice through counsel *before* the ninety day limitations period expired, *Schiavone* does not apply.

Because the prerequisites of Rule 15(c) were satisfied, the district court did not err in permitting Barkins and Kellup to amend their complaint to substitute International Inns, Inc. as the defendant. The order of the district court is

AFFIRMED.