Rev. Martin **WASHINGTON**, Plaintiff,

v.

**McCOMB MOTEL COMPANY**, Defendant.

Civ. A. No. J90–0162(L).

United States District Court,
S.D. Mississippi,
Jackson Division.

Dec. 12, 1990.

Carroll Rhodes, Hazlehurst, Miss., for plaintiff.

William H. Glover, Jr. and Kenna L. Mansfield, Jr., Wells, Wells, Marble & Hurst, Jackson, Miss., for defendant.

MEMORANDUM OPINION
AND ORDER

TOM S. LEE, District Judge.

The defendant in this cause, McComb Motel Company, moved to dismiss or, in the alternative, for summary judgment. By memorandum opinion and order dated November 7, 1990, this court requested that the parties address an issue raised by the pleadings, that being the effect of the expiration of the ninety-day statute of limitations set forth in 42 U.S.C. § 2000e–5(f) prior to plaintiff's naming McComb Motel as a defendant in this action. The court

has received briefs from both plaintiff Reverend Martin Washington and defendant, and upon consideration thereof, makes the following findings and conclusions.

The evidence demonstrates that on January 8, 1990, the Equal Employment Opportunity Commission (EEOC) sent to plaintiff a notice of right to sue. Within ninety days, on April 6, 1990, plaintiff filed this action against Holiday Inns, Inc., pursuant to Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e–2000e–17, charging that defendant had terminated him from employment on account of his race. Plaintiff was advised by counsel for Holiday Inns, Inc. almost immediately, on April 17, that it did not own or operate the hotel at which he had been employed. Accordingly, plaintiff filed an amended complaint on April 19, 1990 naming McComb Motel Company as defendant. The substitution of McComb Motel as defendant, though, occurred after expiration of the ninety-day limitations period set forth in 42 U.S.C. § 2000e–5(f).[1]

The parties here agree that the timely filing of a complaint after receipt of notice of right to sue is jurisdictional, as this court had indicated in its November 7 order.[2] They also agree that the question thus presented is whether the late filing against McComb Motel should "relate back" to the original filing under Rule 15(c) of the Federal Rules of Civil Procedure, which provides as follows:

Whenever the claim or defense asserted in the amended pleading arose out of the conduct, transaction, or occurrence set forth in the original pleading, the amendment relates back to the date of the original pleading. An amendment changing the party against whom a claim is asserted relates back if the foregoing provision is satisfied and, within the peri-

od provided by law for commencing the action against the party to be brought in by amendment that party (1) has received such notice of the institution of the action that the party will not be prejudiced in maintaining his defense on the merits, and (2) knew or should have known that, but for a mistake concerning the identity of the proper party, the action would have been brought against the party.

The Fifth Circuit has interpreted Rule 15(c) as establishing four requirements:

(1) that the claim arose out of the same transaction or conduct described in the original complaint; (2) that the new party received notice in such a way as to not be prejudiced; (3) that the new party knew or "should have known" that the suit would have been brought against it but for a mistake; and (4) that the second and third requirements were met within the limitations period.

*Barkins v. International Inns, Inc.,* 825 F.2d 905, 906–07 (5th Cir.1987) (citing *Schiavone v. Fortune,* 477 U.S. 21, 106 S.Ct. 2379, 2384, 91 L.Ed.2d 18 (1986), and *Kirk v. Cronvich,* 629 F.2d 404, 407 (5th Cir.1980)).

In the case at bar, defendant asserted in its motion that McComb Motel is not the proper defendant since it was not plaintiff's employer. According to defendant, his employer was International Motel Management, a company contracted by McComb Motel to manage the hotel. In its prior opinion, the court observed that should it be determined that McComb Motel was timely sued, the court would then be inclined to permit discovery on the nature of the relationship between McComb Motel and International Motel Management in order to give plaintiff an opportunity to de-

---

**1.** Plaintiff in his present brief states that while the right-to-sue notice was sent to him by the EEOC on January 8, if he did not receive the notice before January 20, then his filing against McComb Motel would be timely. While plaintiff is correct that the limitations period is measured by reference to the date upon which notice of right to sue is received, *see Miller v. International Paper Co.,* 408 F.2d 283 (5th Cir. 1969), the suggestion in his brief that he may not have received notice prior to January 20 is refuted by the record evidence. In particular,

plaintiff admitted in response to requests for admissions that he received the notice prior to January 18.

**2.** *See Nilsen v. City of Moss Point,* 621 F.2d 117 (5th Cir.1980); *Prophet v. Armco Steel, Inc.,* 575 F.2d 579 (5th Cir.1978); *Pacheco v. Phelps Dodge Refining Corp.,* 531 F.2d 709 (5th Cir. 1976); *Genovese v. Shell Oil Co.,* 488 F.2d 84 (5th Cir.1973).

termine whether McComb Motel could properly be considered plaintiff's employer. Plaintiff now appears to assert that even if McComb Motel did not receive actual notice of this suit within the ninety-day limitations period, International Motel Management did receive notice of the suit within the limitations period; thus, if it can be established that McComb Motel and International are interrelated, then notice to International of the suit would have been sufficient notice to McComb Motel. The success of plaintiff's position depends on proof of two facts: (1) that International and McComb Motel are sufficiently related that notice to International should be equated with notice to McComb Motel; and (2) that International received notice of plaintiff's suit within the applicable time period. Here, there is no proof that McComb Motel received notice of the suit within the limitations period and, while there is proof that International was provided a copy of the notice of right to sue, there is no proof that International received notice of plaintiff's having filed suit until after the statute of limitations had expired. Defendant has provided the affidavit of Albert H. Owings, a joint venturer in the Mississippi joint venture known as the McComb Motel Company, in which Owings states that the joint venture received no notice of plaintiff's lawsuit until April 20, 1990, when he received a letter from Holiday Inns, Inc. advising him that a suit had been filed against Holiday Inns, Inc.[3] Similarly, Lincoln National Investment Management Company, the other joint venturer, through Robert C. Tellman, its vice-president and director of real estate asset management, confirms that McComb Motel Company received no notice, actual or constructive, of plaintiff's suit, until receipt on April 20 of the letter from Holiday Inns, Inc. And, the affidavit of James M. O'Daniel, Secretary–Treasurer of International Motel Management, Inc., states that the first notice International received of the plaintiff's lawsuit was on or after April 20, 1990, when it gained knowledge of the letter to Albert Owings from Holiday Inns, Inc. Even were the court to assume for purposes of the present discussion that International and McComb Motel are so related that notice to International would constitute notice to McComb Motel, since the uncontroverted evidence establishes that neither received notice of plaintiff's suit within the limitations period, the court must conclude that the amended complaint, naming McComb Motel as a defendant, does not relate back to the April 6 filing against Holiday Inns, Inc.

The court is, of course, cognizant of plaintiff's reliance on the Fifth Circuit's decisions in *Barkins v. International Inns, Inc.* and *Marks v. Prattco, Inc.*, 607 F.2d 1153 (5th Cir.1979), as support for his claim that relation back principles save his cause of action from dismissal. However, the court finds that neither case is applicable here. The plaintiffs in *Barkins*, as did plaintiff here, originally filed suit against Holiday Inns, Inc. within the ninety-day statute of limitations. However, after being informed by Holiday Inns, Inc. that the true employer was International Inns, Inc., the plaintiffs amended their complaint to substitute International Inns, Inc. as defendant. Although that amended complaint fell outside the limitations period, the Fifth Circuit allowed it to relate back to the original filing date since International Inns had received notice of suit through counsel for Holiday Inns, Inc.; Holiday Inns, Inc.'s counsel was also counsel for International Inns, Inc. and had represented International Inns, Inc. throughout the EEOC hearings and had received copies of the right-to-sue letters. Therefore, in *Barkins*, as contrasted with the case *sub judice*, the fact that the entity sued, Holiday Inns, Inc., and the entity sought to be sued, International Inns, Inc., shared corporate counsel gave International reason to know that Holiday Inns, Inc. had been sued by the plaintiffs.

---

**3.** On April 17, a legal assistant for Holiday Inns, Inc. wrote to plaintiff's counsel advising him that suit had been instituted against the wrong party. On the same date, a letter was mailed to Albert Owings concerning the suit that had been filed by plaintiff which informed Owings that his name had been given to plaintiff's counsel as the principal correspondent for McComb Motel Company.

There is no proof in the case at bar, though, that any of the defendants or putative defendants shared counsel; that is, there is nothing to indicate that Holiday Inns, Inc., McComb Motel, and/or International Motel Management shared counsel.[4]

In *Marks v. Prattco*, plaintiffs had named "Holiday Inn (Northeast)" as the defendant prior to the expiration of the statute of limitations and then moved to amend their complaint to substitute the defendant's correct legal name "Prattco, Inc." for Holiday Inn. The court observed that the case was not one in which the plaintiffs sought to substitute a new defendant by amendment but was one in which the plaintiffs had mistakenly sued the defendant by the wrong name. The court also noted that Prattco participated in the EEOC hearings and clearly was aware of the lawsuit long before the statute of limitations had expired. As indicated, there is no evidence that McComb Motel, or any agent or representative of McComb Motel, had any knowledge of plaintiff's lawsuit until after the expiration of the limitations period; indeed, the evidence demonstrates the absence of any such knowledge.

Based on the foregoing, the court concludes that McComb Motel neither knew nor should have known within the ninety-day limitations period of plaintiff's suit. *See Barkins*, 825 F.2d at 906–07. Therefore, plaintiff's amended complaint naming McComb Motel as defendant does not relate back to the original filing against Holiday Inns, Inc., and his failure to bring this action against McComb Motel within ninety days of his receipt of notice from the EEOC of his right to sue bars the present action.

The plaintiff moved to amend his complaint to substitute International Motel Management, Inc. as defendant in the event the court should determine that dis-

missal of McComb Motel was appropriate. However, because an amendment to name International as defendant would suffer the same fate as his attempt to amend to make McComb Motel a defendant, the amendment should be denied.

Accordingly, it is ordered that plaintiff's complaint against McComb Motel be dismissed with prejudice. It is further ordered that his motion to amend to name International as a defendant is denied.

A separate judgment will be entered in accordance with Rule 58 of the Federal Rules of Civil Procedure.

---

**4.** Plaintiff, apparently in reliance on *Barkins*, appears to suggest that International's receipt of the right-to-sue notice was sufficient to give it, and hence McComb Motel, notice of plaintiff's lawsuit. However, the court in *Barkins* did not hold that knowledge of the right-to-sue notice would suffice as notice of suit or notice that suit would be filed. The court merely observed that the shared counsel, who had received notice of the suit, had "represented [International at the] EEOC hearings and received copies of the right-to-sue letters." *Barkins*, 825 F.2d at 907. Clearly, notice that the EEOC has issued a notice of right to sue cannot be equated with notice that plaintiff has filed suit.