Ray Franklin MOORE,
Plaintiff–Appellant,

v.

Bill LONG, District Clerk, Dallas County, Etc., Defendant–Appellee.

No. 90–1561.

United States Court of Appeals,
Fifth Circuit.

Feb. 28, 1991.

Ray Franklin Moore, Dallas, Tex., pro se.

Appeal from the United States District Court for the Northern District of Texas.

Before JOHNSON, WILLIAMS, and HIGGINBOTHAM, Circuit Judges.

PER CURIAM:

Following his conviction in Texas state court, Ray Franklin Moore filed suit against his trial counsel, apparently alleging ineffective assistance. A Dallas County District Court granted summary judgment against Moore. Subsequently, Moore filed a notice of appeal with Dallas County District Court Clerk Bill Long, requesting permission to proceed *in forma pauperis*. When Long challenged Moore's request, a hearing on the issue was set for March 20, 1987. Moore, however, failed to timely file material that would substantiate his claim for *in forma pauperis* status. Although the record does not indicate the outcome of the hearing, it appears that the court ruled against Moore. After several unsuccessful attempts to secure a writ of mandamus from the Texas Court of Appeals and the Texas Supreme Court, Moore filed a section 1983 action against Long in federal district court. Moore complained that Long's failure properly to exercise his authority deprived Moore of an opportunity to pursue an appeal on his ineffective-assistance action. The district court, acting on a magistrate's recommendations, dismissed the action with prejudice for failure to state a claim.

On appeal we noted that the "interests of justice require us to construe initial complaints by pro se litigants liberally." *Moore v. Long*, No. 88–1621, unpublished op. at 3 (5th Cir. Nov. 29, 1988) [862 F.2d 873 (table)]. We concluded that the district court had prematurely dismissed Moore's action. We also held, however, that Moore had failed to allege specific facts indicating that Long had acted improperly, and we remanded the action for Moore to amend his complaint. *Id.* at 5 [862 F.2d 873 (table)].

On May 22, 1990, Moore filed an amended complaint naming an additional defendant, W.H. Kenny, a deputy clerk in the Dallas County Clerk's Office. Moore charged that Kenny had willfully failed to notify him that Long had challenged his application for pauper status. In addition, Moore charged that Kenny had failed to notify him of the state court's resolution of the ineffective-assistance claim in sufficient time for Moore to file a timely appeal. The sole allegation against Long in the amended complaint was that Long had breached his duty to supervise and control Kenny.

The federal magistrate that reviewed Moore's amended complaint recommended that the complaint against Long be dismissed on the basis that respondeat superior does not apply in section 1983 suits, and that the complaint against Kenny be dismissed on the basis that the addition of Kenny's name to the complaint came only after the applicable statute of limitations had expired.[1] Moore filed objections to the magistrate's report, arguing primarily that the date of the amended complaint should "relate back" to the date of the original complaint pursuant to Federal Rule of Civil Procedure 15(c). After stating that it had independently reviewed all the relevant arguments, the district court adopted the magistrate's report and overruled Moore's objections.

On this appeal Moore argues that the amended complaint should relate back to the date of the original filing of his complaint against Long. Federal Rule of Civil Procedure 15(c) permits an amended complaint to relate back to the date of the original complaint under certain specified circumstances:

> Whenever the claim or defense asserted in the amended pleading arose out of the conduct, transaction, or occurrence set forth or attempted to be set forth in the original pleading, the amendment relates back to the date of the original pleading. An amendment changing the party against whom a claim is asserted relates back if the foregoing provision is satisfied and, within the period provided by law for commencing the action against the party to be brought in by amendment, that party (1) has received such notice of the institution of the action that the party will not be prejudiced in maintaining a defense on the merits, and (2) knew or should have known that, but for a mistake concerning the identity of the proper party, the action would have been brought against the party.

This provision governs amendments that add as well as those that substitute a party to a lawsuit.

In *Schiavone v. Fortune*, 477 U.S. 21, 106 S.Ct. 2379, 91 L.Ed.2d 18 (1986), the Supreme Court analyzed the circumstances that support relation back under Rule 15(c). The Court posited four requirements for relation back:

> (1) the basic claim must have arisen out of the conduct set forth in the original proceeding; (2) the party to be brought in must have received such notice that it will not be prejudiced in maintaining its defense; (3) the party must or should have known that, but for a mistake concerning identity, the action would have been brought against it; and (4) the second and third requirements must have been fulfilled within the prescribed limitations period.

*Id.* at 29, 106 S.Ct. at 2384. All four requirements must be satisfied for an amendment to relate back to the date of the original complaint.

The sole question in this case is whether Moore's amended complaint satisfies the *Schiavone* factors. The parties do not dispute the following dates: Moore's cause of action accrued on August 31, 1987; Moore filed his original complaint on November 18, 1987; and Moore filed his amended complaint on May 22, 1990. Since it is undisputed that the first factor has been met, only the last three factors are at issue. We are persuaded that Moore failed to satisfy these factors. The record indicates that Kenny received no notice until the filing of Moore's amended complaint, which occurred well over two years after the cause of action would have accrued. In cases in which the added or substituted defendant has not received timely notice, we have routinely refused to permit relation back. *See, e.g., Brown v. Department of Army*, 854 F.2d 77, 79 (5th Cir.1988); *Lamb v. United States Postal Service*, 852 F.2d 845, 847 (5th Cir.1988); *Harris v. United States Dep't of Transp.*, 843 F.2d 219, 221 (5th Cir.1988).

---

1. The applicable limitations period for section-1983 actions under Texas law is two years. Tex. Civ.Prac. & Rem.Code Ann. § 16.003(a) (Vernon 1986). *See Ali v. Higgs*, 892 F.2d 438, 439 (5th Cir.1990).

In some circumstances we have inferred notice if there is an "identity of interest" between the original defendant and the defendant sought to be added or substituted in the amended complaint. For instance, in *Barkins v. International Inns, Inc.*, 825 F.2d 905, 907 (5th Cir.1987), a Title VII race-discrimination suit, we permitted relation back because the defendant in the amended complaint, Holiday Inns, shared counsel with the defendant named in the original complaint, International Inns. In that case the same counsel who represented the Holiday Inns in the EEOC administrative proceedings simultaneously served as counsel for International Inns. We concluded that "[a]lthough Holiday Inns and International Inns are separate entities, it is clear that International Inns was aware of the suit against Holiday Inns through the shared counsel." *Id.* at 907 (citing *Marks v. Prattco, Inc.*, 607 F.2d 1153, 1156 (5th Cir.1979) (imputing notice to new defendant who participated in EEOC hearings leading up to Title VII suit naming original defendant)); *see also Hendrix v. Memorial Hospital of Galveston County*, 776 F.2d 1255, 1258 (5th Cir.1985) (same); *Kirk v. Cronvich*, 629 F.2d 404, 407 (5th Cir.1980) (new defendant shared mailing address and attorneys with original defendant); *Montalvo v. Tower*, 426 F.2d 1135, 1147 (5th Cir.1970) (new defendant's attorney filed answer to original complaint; hence new defendant "must have received adequate notice of the institution of the suit").

In the case before us, however, Moore offers nothing to suggest, nor does he even allege, that Kenny and Long shared counsel either before or during the two-year limitations period. Rather he argues that the court should construe his original complaint liberally to include a general section–1983 allegation against all who worked in the Office of the Clerk of the Dallas County District Courts. Such a broad allegation would presumably include Kenny, who is a deputy clerk in that office. However, given the size of the Dallas County Clerk's Office and given the vague nature of the

offense alleged, we conclude that it would be improper to impute to Kenny the sort of notice that is required under *Schiavone*.[2]

The district court's judgment dismissing Moore's amended complaint is AFFIRMED.

---

**2.** *See also Honeycutt v. Long*, 861 F.2d 1346, 1350 (5th Cir.1988) (refusing to impute notice to the Secretary of Defense even though actual notice was received by a low-level defense-department agency).