United States Court of Appeals,
Fifth Circuit.

No. 93-2101.

Patricio V. RODRIGUEZ, Plaintiff-Appellee,

v.

TRANSNAVE INC., Defendant-Appellant.

Dec. 3, 1993.

Appeal from the United States District Court for the Southern District of Texas.

Before JOHNSON, WIENER and DeMOSS, Circuit Judges.

DeMOSS, Circuit Judge:

This is an interlocutory appeal on the issue of foreign sovereign immunity. We REVERSE the district court's denial of the defendant's motion to dismiss and hold that the defendant, an arm of the Ecuadorian government, is immune from the jurisdiction of the United States courts. We therefore REMAND with instructions to dismiss.

## I. BACKGROUND

Plaintiff/appellee Patricio V. Rodriguez is an Ecuadorian sailor who was injured on October 3, 1989 while fighting a fire aboard the M/V Isla Salingo, an Ecuadorian-flagged vessel. The ship is wholly owned by the defendant/appellant Transportes Navieros Ecuatorianos ("Transnave" or "Ecuadorian Transnave"), a state naval entity of Ecuador.[1] The plaintiff was injured during a voyage from Yokohama, Japan to Esmeraldes, Ecuador, when the ship was passing several hundred miles north-northwest of the Hawaiian Islands. The Isla Salingo changed course to call on the port in Honolulu, Hawaii, so that Rodriguez could receive medical aid. After returning to Ecuador, Rodriguez later served on another Transnave-owned ship. During one voyage he began having health problems again, and when the vessel called in the Port of Houston, he disembarked to receive further medical treatment.

---

[1]The parties agree that Transnave is an "agency or instrumentality of a foreign state" within the meaning of the Foreign Sovereign Immunities Act ("FSIA"). 28 U.S.C. § 1603.

Rodriguez filed suit in the 11th District Court of Harris County, Texas, in October 1990, claiming personal injury damages under the Jones Act[2] and the general maritime laws of the United States. However, the petition named the wrong party as a defendant. Instead of explicitly identifying Transportes Navieros Ecuatorianos ("Ecuadorian Transnave"), Rodriguez mistakenly named as defendant an unrelated Florida corporation, Transnave, Inc. ("Florida Transnave"). However, the Ecuadorian Transnave was aware of the lawsuit because of prior discussions with plaintiff's counsel, and plaintiff's counsel had sent the Ecuadorian Transnave's counsel a copy of the petition, which identified the defendant "Transnave" as the owner of the Isla Salingo. Believing itself to be the true defendant, and concerned that the timetable for removal was running, the Ecuadorian Transnave filed a notice of removal on November 7, 1990, in the U.S. District Court for the Southern District of Texas. The case was removed to federal court under 28 U.S.C. § 1441(d), the removal provision applicable to civil actions brought against a foreign state as defined in the Foreign Sovereign Immunities Act ("FSIA"). The Florida corporation Transnave Inc. was eventually dismissed by joint motion of the parties and is not a party to this appeal.

For about two years, Transnave and Rodriguez engaged in pretrial discovery and various non-dispositive motions. In its first answer to the plaintiff's complaint, and in all amended answers, Transnave asserted the defense of sovereign immunity under the FSIA. On November 16, 1992, Transnave filed a motion to dismiss on the basis of sovereign immunity. The district court denied the motion, finding that Transnave had implicitly waived its sovereign immunity, 810 F.Supp. 194.[3]

The district court ordered a stay of proceedings during this interlocutory appeal.[4]

## II. ANALYSIS

---

[2]46 U.S.C.App. § 688.

[3]Transnave asserted in the alternative that the district court should dismiss the action on forum non conveniens grounds. The district court declined to do so. As stated in Part II B of this opinion, because of our holding that Transnave is a foreign sovereign immune to the jurisdiction of U.S. courts, we do not address the issue of forum non conveniens.

[4]This Court has jurisdiction under the collateral order doctrine to hear an interlocutory appeal of a denial of a motion to dismiss on the basis of sovereign immunity. *Stena Rederi AB v. Comision De Contratos Del Comite,* 923 F.2d 380, 385-86 (5th Cir.1991).

Appellant Transnave raises two issues, claiming that the trial court erred by (1) denying Transnave's motion to dismiss on the basis of foreign sovereign immunity, and (2) denying Transnave's alternative motion to dismiss on the basis of forum non conveniens.

### A. Implied Waiver of Foreign Sovereign Immunity

The Foreign Sovereign Immunities Act sets forth "the sole and exclusive standards to be used" to resolve all sovereign immunity issues raised in federal and state courts.[5] It provides that "a foreign state shall be immune from the jurisdiction of the courts of the United States and of the States except as provided in [enumerated exceptions.]" 28 U.S.C. § 1604. One of the exceptions to immunity is "in any case ... in which the foreign state has waived its immunity either explicitly or by implication." 28 U.S.C. § 1605(a)(1).

Whether sovereign immunity exists is a question of law which this Court reviews *de novo*. *Stena Rederi AB v. Comision de Contratos del Comite,* 923 F.2d 380 (5th Cir.1991). There are no disputed factual issues regarding Transnave's claim of sovereign immunity.

In this case, plaintiff/appellee Ro driguez has chosen to rely solely on the implied waiver exception.[6] Therefore, we do not decide in this opinion whether any of the other exceptions to sovereign immunity listed in 28 U.S.C. §§ 1605-07 would apply on these facts.

The legislative history of the FSIA states that implicit waivers are ordinarily found in three

---

[5] H.REP. NO. 1487, 94TH CONG.2D SESS. 8, *reprinted in* 1976 U.S.C.C.A.N. 6604, 6606; *see also Arriba Ltd. v. Petroleos Mexicanos,* 962 F.2d 528, 532 (5th Cir.), *cert. denied,* --- U.S. - ---, 113 S.Ct. 413, 121 L.Ed.2d 337 (1992).

[6] During oral arguments before this Court on October 6, 1993, counsel for plaintiff/appellee conceded that he was not raising any of the other exceptions to sovereign immunity, and he agreed that this Court's determination of the implied waiver issue would be determinative of whether sovereign immunity existed. Transnave, as the party seeking immunity, has no obligation to affirmatively eliminate all possible exceptions to sovereign immunity; once it demonstrated that it is a foreign state, the burden shifted to Rodriguez to raise the exceptions to sovereign immunity and assert at least some facts that would establish the exceptions. *Stena Rederi AB v. Comision De Contratos Del Comite,* 923 F.2d 380, 390 & n. 14 (5th Cir.1991); *see also Cargill Intern. S.A. v. M/T Pavel Dybenko,* 991 F.2d 1012, 1016 (2d Cir.1993) (holding that once defendant presents prima facie case that it is a foreign sovereign, plaintiff has the burden of going forward with evidence proving exception to FSIA).

Because the plaintiff in this case has raised only one exception, implied waiver, our holding on that issue disposes of the case.

situations: (1) a foreign state agrees to arbitration in another country; (2) the foreign state agrees that a contract is governed by the laws of a particular country; or (3) the state files a responsive pleading without raising the immunity defense. H.REP. NO. 1487, 94TH CONG.2D SESS. 18, *reprinted in* 1976 U.S.C.C.A.N. 6604, 6617; *see also Arriba,* 962 F.2d at 539 & n. 22. None of these situations is present here. Since the FSIA became law, courts have been reluctant to stray beyond the three examples given in the legislative history when considering claims that a nation has explicitly waived its defense of sovereign immunity. *Frolova v. Union of Soviet Socialist Republics,* 761 F.2d 370, 377 (7th Cir.1985). The implicit waiver clause of section 1605(a)(1) has therefore been narrowly construed; courts rarely find that a nation has waived its sovereign immunity without strong evidence that this is what the foreign state intended. *Id.* at 377.

The decision of the district court to deny Transnave's motion to dismiss seems to have been motivated by three separate rationales: (1) Transnave's "voluntary appearance" in a lawsuit in which it had not been formally served or sued, (2) the act of removal to federal court, and (3) Transnave's participation in trial preparations for two years before filing a motion to dismiss. In its opinion on January 6, 1993, the district court stated:

> "Transnave's assertion that this Court has jurisdiction and Transnave's voluntary actions to enter an appearance, to claim the role of defendant, and to remove the case to this Court for trial before this Court, constitute a waiver.... Such assertive action by Defendant implies a waiver of immunity that is at least the equivalent of omitting an assertion of immunity in a responsive pleading."

Later in its opinion, the court added:

> "The fact that foreign sovereign immunity is recited as a defense in an answer to Plaintiff's complaint, if not urged to the Court in a timely fashion by a motion to dismiss, hardly seems enough.... If Transnave did not waive by implication any immunity when it first voluntarily entered an appearance and admitted this Court's jurisdiction in its Notice of Removal, the Court finds that its subsequent participation in discovery and preparations for trial in this Court for over two years, without first urging by motion a claim of foreign sovereign immunity, served by implication to waive any immunity."

We will address each of the district court's rationales.

### 1. "Voluntary Appearance"

The trial court concluded that Transnave was not a named defendant in plaintiff's original petition filed in the Texas state trial court, and thus its action in removing the case to federal court

amounted to a voluntary appearance and a waiver of sovereign immunity. However, the petition used "Transnave" and "Transnave, Inc." interchangeably, and the suit was clearly directed at the entity who was the employer of plaintiff at the time of the accident and the owner and operator of the M/V Isla Salingo. Given that it was clearly the intended defendant, Transnave, the Ecuadorian entity, could not have reasonably decided to sit back and ignore the lawsuit, especially since it had actual notice of the suit[7] and it knew that but for the plaintiff's mistake concerning identity, the action would have been brought against it.

If Transnave had not acknowledged that it was the intended defendant by filing the notice of removal, Rodriguez could have amended its petition to bring in Transnave, even after the statute of limitations had expired. *Schiavone v. Fortune,* 477 U.S. 21, 29, 106 S.Ct. 2379, 2384, 91 L.Ed.2d 18 (1986); *Barkins v. Int'l Inns, Inc.,* 825 F.2d 905, 907 (5th Cir.1987). *Schiavone* and its progeny hold that Federal Rule of Civil Procedure 15(c) allows a plaintiff to amend his pleadings to add a new party if, within the statute of limitations period, the intended (but not originally sued) defendant (1) had received notice of the suit and (2) knew or should have known that, but for a mistake concerning the identity of the proper party, the action would have been brought against it. *Schiavone,* 477 U.S. at 28, 106 S.Ct. at 2383; *Barkins,* 825 F.2d at 906-07.

In *Barkins,* this Circuit expressed little sympathy for a corporation that was aware of the plaintiff's lawsuit and knew that it was the proper defendant, but did not respond to the suit or point out plaintiff's mistake. "This Court will not allow International Inns to "sandbag' its opponent by waiting until the expiration of the limitations period to point out an error recognizable well before." *Barkins,* 825 F.2d at 907.

Transnave knew that it would have been brought into the lawsuit eventually whether it took action or not. It was already in contact with plaintiff's counsel and had actual notice of the suit. It

---

[7]During oral arguments before this Court, Transnave's counsel said he received notice of the lawsuit when plaintiff's counsel sent him a courtesy copy of the plaintiff's original petition in the mail at the same time as the petition was filed in state court in the fall of 1990. The attorneys for Transnave and Rodriguez were involved in discussions before the suit was filed, so Transnave was aware of the claim and of the lawsuit from the very beginning despite the fact that the petition mistakenly named a Florida corporation.

took a purely defensive action to preserve its right of removal and to avoid any possibility of a default judgment. We decline to penalize Transnave by finding an implicit waiver of foreign sovereign immunity on these facts.

## 2. Act of Removal

The district court listed the act of removal several times as a factor in its finding of waiver. It noted that Transnave did not have to remove the case to claim the immunity defense; state courts as well as federal courts must respect foreign sovereign immunity under 28 U.S.C. § 1604. "[I]t cannot be said that Transnave was required first to remove the case to federal court in order to assert its right under the FSIA," the district court stated.

But removal by a foreign sovereign is explicitly authorized by 28 U.S.C. 1441(d) and clearly cannot constitute waiver. The legislative history of the FSIA emphasizes that, in view of the potential sensitivity of actions against foreign states and the importance of developing a uniform body of law in this area, "it is important to give foreign states clear authority to remove to a federal forum actions brought against them in the state courts."[8]

If removal itself were to constitute waiver of immunity, then a foreign sovereign defendant sued in state court would have to choose between asserting removal or the immunity defense, but not both. Thus any plaintiff could force a foreign sovereign to litigate issues with broad foreign policy implications in state court. Nothing in law, logic or policy supports such a result, and the very presence of removed cases in which the sovereign immunity defense was upheld refutes the accuracy of any such claim.[9]

The district court put great emphasis on the fact that Transnave "admitted this Court's

---

[8]H.REP. NO. 1487, 94TH CONG.2D SESS. 32, *reprinted in* 1976 U.S.C.C.A.N. 6604, 6631.

[9]*See, e.g., Arriba Ltd. v. Petroleos Mexicanos,* 962 F.2d 528, 530-31 (5th Cir.) (removal of garnishment proceeding followed by upholding of immunity defense), *cert. denied,* --- U.S. ----, 113 S.Ct. 413, 121 L.Ed.2d 337 (1992); *Williams v. M/V Sonora,* 985 F.2d 808, 810 (5th Cir.1993) (removal and then dismissal because of immunity).

jurisdiction" in its notice of removal.[10] This emphasis is misplaced. An allegation of federal jurisdiction is required in a notice of removal.[11] Whether a defendant is entitled to sovereign immunity is a federal question, *Verlinden B.V. v. Central Bank of Nigeria,* 461 U.S. 480, 498, 103 S.Ct. 1962, 1973, 76 L.Ed.2d 81 (1983), and Congress by enacting 28 U.S.C. § 1441(d) clearly indicated a preference that federal courts hear such cases.[12]

### 3. Delay and Participation in Trial Preparation

The district court stated as an alternate ground for its finding of implied waiver the fact that Transnave had participated in discovery and trial preparation for two years before filing its motion to dismiss on the basis of sovereign immunity. However, the case law indicates that federal courts have been reluctant to find a waiver from the nature of a foreign state's participation in litigation. *Frolova,* 761 F.2d at 377; *Canadian Overseas Ores Ltd. v. Compania de Acero del Pacifico S.A.,* 727 F.2d 274 (2d Cir.1984). In *Canadian Overseas,* the Second Circuit upheld the district court's finding that sovereign immunity was not waived, even though the defendant never filed a responsive pleading but instead filed several motions which did not assert sovereign immunity, and did not file a motion to dismiss on the basis of sovereign immunity until more than two years after the complaint was filed. *Canadian Overseas,* 727 F.2d at 277-78.

In this case, Transnave asserts that one of the reasons for the two-year delay was the language barrier; both parties were Ecuadorian and all communications and medical records had to be internationally conveyed and translated into English. In addition, Transnave did not know that

---

[10]Transnave's notice of removal stated: "The above described action is one over which this Court has original jurisdiction under the provisions of Title 28 U.S.C. § 1332, and is one which may be removed to this Honorable Court by Petitioner pursuant to the provisions of Title 28 U.S.C. § 1441(d) because it is a civil action against a foreign state."

[11]*See Laughlin v. Prudential Ins. Co.,* 882 F.2d 187, 190 (5th Cir.1989); *Willy v. Coastal Corp.,* 855 F.2d 1160, 1164 (5th Cir.1988) (both holding that the party seeking removal bears the burden of establishing federal jurisdiction). In addition, it should be remembered that at the time of removal, the Florida corporation Transnave was still a party to the action, and the plaintiff had incorrectly stated that he resided in Texas, so as far as the parties knew, there was diversity jurisdiction under 28 U.S.C. § 1332 as well as federal question jurisdiction under the FSIA.

[12]H.REP. NO. 1487, 94TH CONG.2D SESS. 32, *reprinted in* 1976 U.S.C.C.A.N. 6604, 6631.

plaintiff would rely solely on the waiver exception to foreign sovereign immunity, so it had to conduct discovery and investigation to make sure none of the other exceptions to immunity applied. Transnave filed its motion to dismiss within the deadline established by the trial court, and it asserted sovereign immunity in both its original answer and its amended answer. The plaintiff was fully aware of Transnave's claim to immunity, and he joined in three motions with Transnave to extend various deadlines so that the parties could fully develop the facts relating to the immunity claim. For these reasons, Transnave's participation in litigation and its two-year delay in urging its motion did not implicitly waive its foreign sovereign immunity.

## B. Forum Non Conveniens

Transnave also appeals the trial court's denial of its motion to dismiss on the basis of forum non conveniens, pointing out that this suit involved an Ecuadorian plaintiff, an Ecuadorian defendant and an accident that occurred on an Ecuadorian-flagged vessel in international waters witnessed only by sailors who also reside in Ecuador. Rodriguez contends that the forum non conveniens issue is not appealable as a collateral order, citing this Circuit's decision in *Walter Fuller Aircraft Sales v. Rep. of Phillipines,* 965 F.2d 1375, 1389-90 (5th Cir.1992).

However, because we decide today that Transnave is entitled to foreign sovereign immunity, we do not consider either the jurisdictional issue or the merits of Transnave's forum non conveniens argument.

## III. CONCLUSION

We hold that the trial court erred in finding that Transnave's actions constituted an implied waiver of sovereign immunity. We follow the guidance of the FSIA's legislative history and decline to construe section 1605(a)(1) broadly.

The district court's denial of Transnave's motion to dismiss is therefore REVERSED with instructions to DISMISS the case with prejudice.