# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**FILED**

September 17, 2015

Lyle W. Cayce
Clerk

No. 15-20108
Summary Calendar

STEPHANIE MICHAEL,

> Plaintiff–Appellant,

v.

UNITED STATES OF AMERICA,

> Defendant–Appellee.

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 4:14-CV-2421

Before KING, CLEMENT, and OWEN, Circuit Judges.

PER CURIAM:*

Stephanie Michael, a veteran of the U.S. Marine Corps, brought claims under the Federal Tort Claims Act and 42 U.S.C. §§ 1983 and 1985 against the Government alleging that the Department of Veterans Affairs deprived her of her right to benefits. The Government filed a motion to dismiss. The district

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 15-20108

court granted the Government's motion and dismissed the action for reasons of res judicata and sovereign immunity. We affirm.

We review the res judicata effect of a prior judgment and the existence of sovereign immunity de novo.[1] This court has held:

> The preclusive effect of a prior federal court judgment is controlled by federal res judicata rules. Res judicata is appropriate if: 1) the parties to both actions are identical (or at least in privity); 2) the judgment in the first action is rendered by a court of competent jurisdiction; 3) the first action concluded with a final judgment on the merits; and 4) the same claim or cause of action is involved in both suits.[2]

"It has long been the rule that principles of res judicata apply to jurisdictional determinations—both subject matter and personal."[3]

Michael previously brought suit against the Government in the Southern District of Texas, which dismissed the case without prejudice for lack of subject-matter jurisdiction.[4] Michael's claims are the same as her prior lawsuit and attack the processing and outcome of her application for veterans benefits. Although Michael added a claim under §§ 1983 and 1985 in the present case, such claims are precluded by sovereign immunity.[5]

---

[1] *Oreck Direct, LLC v. Dyson, Inc.*, 560 F.3d 398, 401 (5th Cir. 2009); *Rodriguez v. Transnave Inc.*, 8 F.3d 284, 287 (5th Cir. 1993).

[2] *Ellis v. Amex Life Ins. Co.*, 211 F.3d 935, 937 (5th Cir. 2000) (citations omitted).

[3] *Ins. Corp. of Ir. v. Compagnie des Bauxites de Guinee*, 456 U.S. 694, 702 n.9 (1982); *accord Comer v. Murphy Oil USA, Inc.*, 718 F.3d 460, 469 (5th Cir. 2013).

[4] Order Adopting Magistrate Judge's Memorandum & Recommendation, *Michael v. United States*, No. 4:12-cv-03093 (S.D. Tex. Feb. 11, 2013), ECF No. 22; Final Judgment, *Michael v. United States*, No. 4:12-cv-03093 (S.D. Tex. Feb. 11, 2013), ECF No. 23; R. at 32-42.

[5] *Affiliated Prof'l Home Health Care Agency v. Shalala*, 164 F.3d 282, 286 (5th Cir. 1999) ("This Court has long recognized that suits against the United States brought under the civil rights statutes are barred by sovereign immunity." (citing *Unimex, Inc. v. U.S. Dep't of Hous. & Urban Dev.*, 594 F.2d 1060, 1061 (5th Cir. 1979))).

No. 15-20108

The district court dismissed the present action "with prejudice to refiling in the United States District Courts." The Veterans' Judicial Review Act "created an exclusive review procedure by which veterans may resolve their disagreements with the Department of Veterans Affairs."[6] A veteran may appeal a benefits determination to the Board of Veterans' Appeals, and the Court of Veterans' Appeals has exclusive jurisdiction to review the Board's decision.[7] The Federal Circuit Court of Appeals has exclusive jurisdiction to review the decisions of the Court of Veterans' Appeals.[8] Because Michael "challenges the VA's decision to deny [her] benefits, the district court does not have jurisdiction" over her complaint.[9]

The judgment of the district court is AFFIRMED.

---

[6] *Zuspann v. Brown*, 60 F.3d 1156, 1158 (5th Cir. 1995).

[7] *Id.* at 1158-59.

[8] *Id.* at 1159.

[9] *Id.* at 1158.